(No. 14733.—Reversed and remanded.)

ROSE MARABIA, Plaintiff in Error, *vs.* THE MARY THOMPSON HOSPITAL OF CHICAGO FOR WOMEN AND CHILDREN, Defendant in Error.

*Opinion filed June 20, 1923—Rehearing denied October 3, 1923.*

1. PRACTICE—*sheriff's return of service cannot be contradicted by motion to vacate judgment.* Upon a motion to vacate a judgment under section 89 of the Practice act the sheriff's return of service cannot be contradicted, and a judgment cannot be vacated on the ground that, contrary to the sheriff's return, there was, in fact, no valid service; but if the return is false and the defendant is thereby prevented from setting up a good defense, he has a remedy against the sheriff by an action for the false return or may file a bill in equity against the plaintiff. (*Chapman* v. *North American Life Ins. Co.* 292 Ill. 179, followed.)

2. SAME—*motion under section 89 of Practice act is governed by rules of common law applicable to writ of error coram nobis.* The motion to vacate a judgment under section 89 of the Practice act is governed by the same rules of practice as prevail at common law under the writ of error *coram nobis,* and the errors which may be corrected by the court upon such a motion are such errors of fact as could have been corrected by the writ of error *coram nobis.*

3. SAME—*writ of error coram nobis will not review errors of law.* The writ of error *coram nobis* is allowed at common law for the purpose of revoking a judgment for some error in point of fact not appearing on the face of the record, and the writ will not lie to review an error or mistake of the court in point of law, but a writ of error must be sued out of a higher court or court of review to correct such error.

4. SAME—*a writ of error coram nobis should conclude with a verification.* An assignment of errors is in the nature of a declaration, and upon a writ of error *coram nobis* the assignment is of errors of fact and should conclude with a verification.

5. SAME—*what errors may be corrected by motion under section 89 of Practice act.* Errors of fact which may be corrected by motion under section 89 of the Practice act or by writ of error *coram nobis* are not such questions of fact as arise upon the pleadings in the case or such questions as constitute the basis of the cause of action or defense, but are such errors as relate to the disability of the parties, the incapacity of the plaintiffs to sue or the disability of the defendants to defend, and which, if known to the court, would have prevented the entry of a judgment.

6. SAME—*when motion under section 89 of Practice act does not lie to correct default judgment.* Where a defendant is served through its agent, which the statute declares to be sufficient notice, it cannot, by motion under section 89 of the Practice act, correct a default judgment by setting up the neglect of the agent to notify the defendant of the service although it has a good defense to the action, as the motion does not lie to enable a defendant to set up facts which go to the merits of its defense and which it was its duty to set up by pleading.

7. SAME—*action of court vacating judgment on motion under section 89 of Practice act may be reviewed by the Supreme Court.* A motion under section 89 of the Practice act to vacate a judgment for damages in a tort action cannot be said to be an action *ex contractu* or sounding in damages, and the action of the court in vacating its judgment may, upon affirmance by the Appellate Court, be reviewed by the Supreme Court by writ of *certiorari.*

8. CHARITIES—*charitable corporation is under no disability to be sued.* The disability of persons *non compos mentis* or of infants does not apply to a charitable corporation, but such a corporation is *sui juris,* may make valid contracts and may sue and be sued as an individual, and if it is sued it must observe the rules of practice and of court the same as an individual, and if the suit is unfounded or the plaintiff does not state a good cause of action the defendant must present its defense to the court if it desires to contest the action.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

AARON R. EPPSTEIN, for plaintiff in error.

GARDNER, FOOTE, BURNS & MORROW, and ANGUS ROY SHANNON, (WALTER M. FOWLER, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Rose Marabia brought an action on the case in the circuit court of Cook county on June 23, 1919, against the Mary Thompson Hospital of Chicago for Women and Children. A summons was issued returnable to the September term and was returned served on June 24. A declaration was filed of two counts, in the second of which the plaintiff alleged that the defendant maintained and held out to the public a certain hospital in the city of Chicago for the care and treatment of persons needing medical and surgical attention and care; that the plaintiff, relying upon the defendant so holding itself out, went to the hospital to give birth to a child, paid the defendant a certain compensation, and while in the care of the servants, employees, physicians and nurses provided by the defendant to care for her, a hot-water bag was negligently placed against her leg and negligently suffered to remain there an improper length of time, whereby the leg was burned and injured; that thereafter the defendant, by its servants, physicians and nurses, treated the injured leg, but it grew worse and the plaintiff was seriously and permanently injured, suffered great pain and was prevented from attending to her affairs, to her damage of $10,000. The defendant not appearing, was defaulted on October 11, 1919, and on April 9, 1920, a jury was empaneled, which assessed the plaintiff's damages at $3550, for

which amount judgment was rendered. On May 19, 1920, after the expiration of the term, the defendant entered a motion to set aside the judgment, and on June 18 the court allowed the motion, vacated the judgment and set aside the default. The plaintiff appealed from this order, the Appellate Court affirmed it, and a writ of *certiorari* was awarded on the petition of the plaintiff to review the record.

The motion to vacate the judgment shows that the person upon whom the summons was served was employed by the defendant as night supervisor of nurses; that her duties were only to supervise the work of the night nurses and she had nothing to do with the business of the hospital or its management; that she was not on duty at the time of service and informed the deputy sheriff that she had no authority to accept service, but the deputy left the summons with her but promised to return and serve it upon the superintendent; that she left the copy upon her desk and neglected to call the defendant's attention to it; that all the officers of the defendant, including the president, vice-president, secretary and treasurer, were in the city of Chicago on June 24, 1919, and accessible to service, but none of them was served and no officer or agent of the defendant ever saw the summons or had any notice that the suit was pending until after judgment was rendered and after the term had expired at which the judgment was rendered. It was further shown that the defendant is a corporation organized under the laws of this State not for profit but solely for the charitable purpose of establishing and maintaining a hospital as a charitable institution; that it has received large gifts for this purpose; that it charges needy patients nothing for board and treatment, and that the payments received from patients desiring to assist in its charitable work are insufficient to cover the per capita cost of maintenance; that such payments are added to those derived from various endowments, gifts, donations and foundations, and thereby it is made possible to carry on the work

proposed in its charter; that no compensation is paid to any of the trustees who manage the affairs of the corporation, and no dividends are paid by reason of any income, interest or other payments that may be derived through the operation of the hospital or from the various endowments and gifts made to it; that the trustees are prohibited from diverting funds to purposes other than those for which they were donated to the hospital and have no power to use any funds of the corporation for any other purpose than the maintenance of the hospital, and it has no other property except that which comes through gifts, donations, legacies or the proceeds of investments made of the funds derived from gifts. It is further shown that none of these facts have appeared in the record but they were all unknown to the court; that the cause of action shown by the declaration is based upon negligence of the defendant's servants, agents, employees, nurses and physicians and upon the rule of *respondeat superior;* that under the law of this State the plaintiff has no cause of action, as alleged in the declaration, against the defendant by reason of the facts alleged in the motion and the court has no jurisdiction to enter any judgment against the defendant of the nature prayed for in the declaration. Attached to the motion were certificates of the organization of the defendant and its change of name from that under which it was originally incorporated to its present name.

The motion was made under section 89 of the Practice act, which abolishes the writ of error *coram nobis* and provides that all errors in fact committed in the proceedings of any court of record which by the common law could have been corrected by that writ may be corrected by the court in which the error was committed, by motion made at any time within five years after the rendition of final judgment in the case, upon reasonable notice. This section has received consideration in several cases, among which is the very recent one of *Chapman* v. *North American Life*

*Ins. Co.* 292 Ill. 179, in which it was held, after a rehearing granted upon the question and a thorough consideration of it, that upon a motion of this kind the sheriff's return of service could not be contradicted, and a judgment could not be vacated upon the ground that, contrary to the sheriff's return, there was, in fact, no valid service. This case is decisive of every question presented by the record now under review. The defendant in error concedes that the sheriff's return cannot be questioned in this proceeding, and states that the allegations in that regard were not made for the purpose of contradicting the return but solely as an extra precaution to show that the defendant was not guilty of negligence in failing to appear and defend the suit. The errors which may be corrected by the court upon a motion of this kind are such errors in fact as could have been corrected by a writ of error *coram nobis* at common law. This writ was allowed at common law for the purpose of revoking a judgment for some error in point of fact, and not in point of law, not appearing on the face of the record, as where the defendant, being a minor, appeared by attorney, or the plaintiff or defendant was a married woman at the time of commencing the suit or died before judgment, or for some error in the process, or through the default of the clerk. The writ of error *coram nobis* will not lie for error or mistake of the judges in point of law, but a writ of error must be sued out of the superior court to correct such error. (2 Tidd's Practice, *1136-37.) The assignment of errors is in the nature of a declaration, and upon a writ of error *coram nobis* is of errors of fact and should conclude with a verification. (2 Tidd's Practice, *1168-69.)

The practice upon the motion which has been substituted for the writ of error *coram nobis* has received consideration in a number of cases in this court, among them *Mitchell v. King,* 187 Ill. 452, *Cramer v. Illinois Commercial Men's Ass'n,* 260 id. 516, *People v. Noonan,* 276 id. 430, and *Chapman v. North American Life Ins. Co. supra.* These cases

announced the rule that while a statute has substituted a motion for the writ, the essentials of the proceedings upon the motion are the same and it is governed by the same practice as upon the writ. The errors of fact which could be made the basis of such a writ and can now be made the basis of a motion were not errors upon such questions of fact as arose upon the pleadings in the original case, or questions of fact averred in the pleadings upon which issue might have been taken, or such questions of fact as constituted the basis of the cause of action or defense upon the merits of the case or might have been pleaded as a defense to the merits. They were questions of the character mentioned in the cases or by the text-writers where the writ has been discussed as a means of correcting errors in the same court, and referred to the disability of parties, the incapacity of the plaintiffs to sue or the disability of the defendants to defend, such as infancy, coverture, death of one or more of the parties, death of a joint party, insanity. Any of these facts, if known to the court, would prevent the entry of a judgment, and it is to error arising out of lack of knowledge by the court of such facts that the writ of error *coram nobis,* or the motion which is its substitute, applies, and not to lack of knowledge on the part of the court of facts constituting a cause of action or a defense to it. Tidd's work on the Practice of the Courts of King's Bench and Common Pleas was first published in 1790, and no suggestion can be found in it or in the later editions, of which there have been many, that any other questions of fact than those of the character mentioned in that work, which have been already cited, constituted the basis for a writ of error *coram nobis.* So in the other text books in which this writ has been discussed, the cases in which the writ lies are referred to and enumerated in substantially the same language as Tidd's. (1 Archbold's Practice, 482; 1 Freeman on Judgments, sec. 94; 1 Black on Judgments, sec. 300.)

In *Bronson* v. *Schulten,* 104 U. S. 410, Mr. Justice Miller delivering the opinion of the court, referring to the English practice of allowing a writ of error to bring before the same court in which the error was committed some matter of fact which had escaped attention and was material in the proceeding, said: "These were limited generally to the facts that one of the parties to the judgment had died before it was rendered, or was an infant and no guardian had appeared or been appointed, or was a *feme covert,* and the like, or error in the process through default of the clerk." It was further said that there had grown up in the courts of law a tendency to apply to their control over their own judgments some of the principles of courts of equity which go further in administering summary relief than the old-fashioned writ of *coram nobis* did. "This practice has been founded in the courts of many of the States on statutes which conferred a prescribed and limited control over the judgment of a court after the expiration of the term at which it was rendered. In other cases the summary remedy by motion has been granted as founded in the inherent power of the court over its own judgments and to avoid the expense and delay of a formal suit in chancery. It can easily be seen how this practice is justified in courts of the States where a system has been adopted which amalgamates the equitable and common law jurisdiction in one form of action, as most of the rules of procedure do." In many States the difference in forms of action and methods of procedure in law and equity has been abolished, and the decisions in such States with reference to the relief which may be obtained on motion and the method of procedure throw no light on the practice at common law. No cases have been cited to us which carry the right to relief upon a writ of error *coram nobis* at common law beyond the cases specified by Tidd and the other writers which have been cited.

The defendant in error, so far as this case is concerned, was served with summons on June 24, 1919, it was not defaulted until October following, and the judgment was not rendered until April, 1920. No excuse can be recognized for its failure to plead if it was duly served, for the only excuse offered is the neglect of its agent to notify its managing officers of the service. The statute has declared such service sufficient notice, and the defendant was bound by it, and only some subsequently intervening cause could excuse its default. Having failed to present its defense to the court by plea or demurrer, the only question which could be presented upon the default was the sufficiency of the cause of action stated in the declaration. When the court entered judgment on the declaration no error of fact was possible. Lack of knowledge by the court of facts in the case which constitute a defense is not the error of fact which can be corrected by motion. It was the duty of the defendant to bring those facts into the record, and if it failed to do so the plaintiff was under no obligation to do it, and the court committed no error in disregarding such facts in rendering judgment. The facts alleged in the declaration were admitted. If they constituted a cause of action the court could do no more or less than render judgment against the defendant. If they did not constitute a cause of action, its error in rendering judgment against the defendant was an error of law, which can be reviewed only by a writ of error issuing from an appellate court. The trial court had no power, on motion, to correct its error of law after the expiration of the term. This case is one where a defendant having been served with process, with full knowledge of a defense permitted judgment to be rendered by default. If the judgment can be set aside in such case on motion, merely because the court did not know of the facts constituting the defense, a defendant is under no necessity to plead before judgment. He may let a default be taken and wait until an execution is served on him, and then come

into court, have the judgment vacated and then present his defense with the same benefit as if he had made his defense at the first opportunity. If the return of the sheriff was false and the defendant had a defense to the plaintiff's action which it was prevented from making because of the false return, it had a remedy against the sheriff by its action for the false return; (*Owens* v. *Ranstead,* 22 Ill. 161; *Rivard* v. *Gardner,* 39 id. 125;) and it also had a remedy against the plaintiff in error by a bill in equity. *Owens* v. *Ranstead, supra; Hickey* v. *Stone,* 60 Ill. 458; *Cassidy* v. *Automatic Time Stamp Co.* 185 id. 431; *Wood* v. *City of Peoria,* 271 id. 173.

There is no basis in either reason or authority for the argument of counsel for the defendant in error that the judgment was void for the reason that the court exceeded its jurisdiction in rendering it. The case of *Armstrong* v. *Obucino,* 300 Ill. 140, lends no support to the argument. In that case, which was an action to enforce a mechanic's lien, the court decreed a sale of the property in default of payment of the amount of the lien within five days, while the statute provided that sale should be made only after the expiration of fifteen months after the date of the first certificate provided to be made by the officer authorized to make the sale. While the rule was recognized that a court which has jurisdiction of the subject matter and has acquired jurisdiction of the parties has the right to decide every question which arises in the case, and its judgment, however erroneous, cannot be attacked collaterally, yet the opinion further states that the rule is correct only when the court proceeds according to the established modes governing the class to which the case belongs, and does not transcend, in the extent and character of its judgment or decree, the law or statute which is applicable to it. The defendant in error's character as a charitable institution did not render its situation in any respect analogous to that of an infant, a lunatic, a dead man or a married woman, as contended by it.

Such parties were under a personal disability and could neither sue nor be sued, while the defendant in error is under no disability whatever. It is *sui juris,* may make valid contracts, may sue and be sued, may prosecute and defend the same as an individual. If it is sued it must observe the rules of practice and of court the same as an individual, and if the suit is unfounded it must present its defense to the court if it wants to contest the right. The court does not lose jurisdiction because the plaintiff has not stated a good cause of action. If that fact is made to appear the plaintiff may amend and show a good cause of action. Whether the question of the defendant in error's liability is settled by the decisions of this court or not, that question does not go to the jurisdiction of the circuit court. The proceeding of the court in this case was according to the established mode in cases of this character, which was an action on the case for a tort, and did not transcend the law in the character of the judgment rendered, which was for the recovery of money. Whether erroneous or not, the judgment was not beyond the jurisdiction of the court.

The defendant in error argues that this court is without jurisdiction to review the judgment of the Appellate Court, because, it says, the motion to vacate the judgment is an action *ex contractu,* in which no judgment was rendered except a judgment for costs, and therefore the statute did not authorize the issuance of a writ of *certiorari.* A motion to vacate a judgment cannot be said to be an action *ex contractu* or sounding in damages. Its effect is that of a writ of error, and the judgment sought to be reviewed is a judgment for $3550.

The circuit court erred in vacating the judgment and the Appellate Court erred in affirming the judgment of the circuit court. Both judgments will be reversed and the cause will be remanded to the circuit court, with directions to deny the motion of the defendant in error.

*Reversed and remanded, with directions.*