(No. 15392.—Reversed and remanded.)

THE ADAMS & PIGOTT COMPANY, Plaintiff in Error, *vs.* HARRY I. ALLEN, Defendant in Error.

*Opinion filed October 20, 1923—Rehearing denied Dec. 6, 1923.*

1. JURISDICTION—*effect of Municipal Court act on jurisdiction of Cook county justices of the peace.* The act creating the municipal court of Chicago has the effect to limit the jurisdiction of justices of the peace in Cook county to the territory of the county outside of the city of Chicago.

2. SAME—*when service of summons is not sufficient.* Regardless of the question whether a corporation having its principal office in Chicago can be sued by serving on an agent in a branch office in Cook county outside of the city a summons issued by a Cook county justice of the peace, a service on the corporation by reading such summons and leaving a copy of the same with the agent is not good, where there is no showing in the return why summons was not served on the president or some other officer of the corporation.

3. PROCESS—*when service on corporation cannot be acquired by serving an agent.* Service of process on a corporation cannot be acquired by serving an agent if the officer may serve the president or some other officer of the corporation.

4. EQUITY—*equity has power to relieve against a void judgment.* A court of equity has power to enjoin the enforcement of

a judgment at law which is void because of want of jurisdiction of the subject matter or of the parties, where the bill shows a good defense to the merits of the suit at law.

5. SAME—*when bill to enjoin collection of judgment shows a good defense to the merits.* A bill to enjoin the collection of a judgment in a suit at law for want of jurisdiction of the person of the defendant sets out a good defense to the merits when it avers that the judgment is based on a claim for damages for complainant's negligence in cleaning certain rugs, that the complainant used all due, reasonable and ordinary care in cleaning such rugs, and that it re-delivered the rugs to the owner, the plaintiff in the suit at law, in first-class condition.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

A. G. ROSENBAUM, (WILLIAM LEVINE, of counsel,) for plaintiff in error.

KNAPP & CAMPBELL, (JOHN R. COCHRAN, of counsel,) for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, a cleaning and dyeing corporation, filed a bill in the circuit court of Cook county seeking to enjoin the collection of a judgment against it entered by a justice of the peace of Cook county, on the ground that it was entered by the justice without having first acquired jurisdiction of the plaintiff in error. A temporary injunction was granted and later, on motion, dissolved, and the bill of the plaintiff in error dismissed for want of equity, with damages of ten per cent of the judgment, amounting to $22.50. The decree was affirmed by the Appellate Court and the cause comes here by *certiorari.*

The amended bill avers that plaintiff in error is a corporation organized and existing under and by virtue of the laws of this State and has its principal place of business in

the city of Chicago; that its president, vice-president, secretary and treasurer are all residents of the city of Chicago and it maintains its office or place of business in said city, and did not at the time of the filing of the bill, nor prior thereto, maintain any office or place of business outside the city of Chicago except a branch office in the city of Evanston, maintained for the purpose of receiving telephone calls and for collection and delivery of articles cleaned or dyed; that the Evanston office was in charge of George VanEpps, whose sole and only duty or authority was to receive articles for cleaning and dyeing and deliver the same to customers; that all articles so received by plaintiff in error at Evanston were sent to its place of business in the city of Chicago; that the wife of VanEpps was employed in the office for the purpose of receiving telephone calls and answering inquiries relative to cleaning and dyeing; that on June 14, 1921, a summons was served on Mrs. VanEpps, as agent of plaintiff in error, commanding plaintiff in error to appear before a justice of the peace in the city of Evanston to answer a certain demand of defendant in error in the sum of $225, which summons was made returnable on June 17, 1921, at four o'clock P. M.; that Mrs. Van-Epps had never been agent of plaintiff in error upon whom service of summons could be made under the provisions of the statute; that plaintiff in error, being a corporation, with its principal office and place of business in the city of Chicago, was not amenable to process issued by a justice of the peace outside the corporate limits of Chicago; that plaintiff in error did not appear or answer the summons, and the justice of the peace entered judgment in the sum of $225 against plaintiff in error and in favor of defendant in error, upon which judgment an execution was issued and a levy threatened. The bill avers further that plaintiff in error is not in any way liable upon the alleged claim of defendant in error; that the claim upon which judgment is based is negligence of plaintiff in error in cleaning certain

rugs; that plaintiff in error in cleaning the rugs used all due and reasonable care and re-delivered them to defendant in error in first-class condition and that he refused to pay the amount of the cleaning bill; that defendant in error is indebted to plaintiff in error in the sum of $20 for work and labor performed in and about the cleaning of the rugs; that plaintiff in error is willing that the issues upon the claim be submitted to the circuit court and that trial be had upon the merits of the claim, and offers to pay any judgment or decree that may be entered on account of the premises alleged.

After notice upon defendant in error, a temporary injunction was issued restraining the enforcement of the judgment. Thereafter the chancellor sustained the motion of defendant in error to vacate and set aside the temporary injunction and entered a decree dissolving the injunction and dismissing the bill of complaint for want of equity. This motion was in the record treated as a demurrer to the amended bill and will be so considered here.

It is contended by plaintiff in error that the justice of the peace who entered judgment against it was without jurisdiction and that the judgment is void; that by reason of sections 29 and 60 of the Municipal Court act a justice of the peace of Cook county can acquire no jurisdiction over an individual residing in the city of Chicago or a corporation whose place of business is in Chicago.

Section 29 of the Municipal Court act provides: "That cases of the fourth class mentioned in section two (2) of this act shall be brought and prosecuted in the district in which the defendant, if there be but one defendant, or one of the defendants, if there be more than one defendant, resides or is found, or, if the defendant be a corporation having its principal office in the city of Chicago, in the district in which its principal office is located," etc.

Section 60 of the same act provides: "That the offices of justices of the peace, police magistrates and constables

in and for the territory within the city of Chicago be and they are hereby abolished, and that the jurisdiction of justices of the peace in the territory of the county of Cook outside of the city of Chicago be, and it is hereby limited to the territory of said county outside of said city. * * * The jurisdiction hereby conferred upon the municipal court shall exclude the exercise of any portion of such jurisdiction by all other courts excepting courts of record. * * * No other court than a court of record shall exercise jurisdiction in any case in which said municipal court is given jurisdiction by this act."

Under the former section of the Municipal Court act cases of the fourth class mentioned in section 2 shall be brought and prosecuted in the district in which the defendant, if it be a corporation, has its principal office in the city of Chicago. By the latter section the offices of justice of the peace, police magistrates and constables within the city of Chicago are abolished, and the jurisdiction of such officers beyond the limits of the city of Chicago and within the county of Cook is limited to the territory of said county outside of the city of Chicago. By section 8 of article 2 of the Justices' act "an incorporated company may be served by leaving a copy of the summons with its president, secretary, superintendent, general agent, cashier or principal clerk, if either can be found in the county in which the action is brought; if neither shall be found in the county, then by leaving a copy of the summons with any director, clerk, engineer, conductor, station agent, or any agent of such company found in the county." By the foregoing section a summons issued out of a justice court cannot be served by leaving a copy of the summons with an agent of the corporation, as was done in this case, unless the president, secretary, superintendent, general agent, cashier or principal clerk cannot be found in the county in which the action is brought. The Municipal Court act had the effect, in so far as jurisdiction of the justices of the

peace in Cook county is concerned, to limit their jurisdiction to the territory of the county outside the city of Chicago. *Lott* v. *Davis,* 264 Ill. 272.

Plaintiff in error contends that by reason of the above sections of the Municipal Court act and the Justice of the Peace act there remains no provision of the statute by which a justice of the peace in Cook county outside of the city of Chicago can secure jurisdiction over a corporation with its principal office in the city of Chicago even though it has an agent residing within the jurisdiction of such justice of the peace, for the reason that a constable serving summons out of such justice court cannot make the return necessary to authorize service on the agent of such a corporation. Defendant in error, on the other hand, contends that the limitation of the territorial jurisdiction of justices of the peace has by implication amended section 8 of article 2 of the Justice of the Peace act as it applies to Cook county, so that it is only necessary to show in a constable's return that the president or other officers of the corporation are not found within the jurisdiction of the justice of the peace. While there may be some basis for this argument, it is not necessary in this case to decide this question and we do not decide it. The return of the constable was as follows:

"Personally served the within writ by reading the same and leaving a copy of the summons with the resident agent, Mrs. George VanEpps, of the within named defendant, Adams & Pigott Company, this 14th day of June, A. D. 1921.      JOE MILLER, *Constable."*

It will be seen that there is no showing in this return as to why the president or other officer of plaintiff in error was not served. So far as the return shows, the president of the corporation may have been a resident of the township in which the justice of the peace was acting and its principal office located there. Without regard to whether good service can be secured and a proper return made under the circumstances of this case, it is evident that such was not done here.

Service on a corporation cannot be acquired by serving an agent if the officer may serve the president or other officer of the corporation. (*Cairo and Vincennes Railroad Co.* v. *Joiner,* 72 Ill. 520; *St. Louis, Alton and Terre Haute Railroad Co.* v. *Dorsey,* 47 id. 288.) The service in this case was clearly insufficient, and the justice of the peace had no jurisdiction of plaintiff in error. Equity will relieve against a judgment that is void because of want of jurisdiction of the parties or subject matter where a good defense on the merits is shown by the bill. *Grand Tower Mining Co.* v. *Schirmer,* 64 Ill. 106.

The Appellate Court found that the bill did not show a good defense on the merits. We are of the opinion that in this regard that court was in error. In the amended bill plaintiff in error avers that it is not in any way liable upon the claim upon which the judgment was rendered; that the claim for damages upon which the judgment was rendered is based upon the negligence of plaintiff in error in cleaning certain rugs; that in that respect the complainant used all due, reasonable and ordinary care and re-delivered the rugs to defendant in error in first-class condition. If the claim for damages on which the judgment was rendered did arise out of the negligence of plaintiff in error in and about cleaning certain rugs and the rugs were in first-class condition when re-delivered to defendant in error, as alleged in the amended bill, certainly no recovery could be had in such an action at law. The amended bill stated a defense on the merits of the suit at law, and the demurrer thereto should not have been sustained and the motion to dissolve the injunction denied pending the issue on the merits.

The judgment of the Appellate Court and the decree of the trial court are therefore reversed and the cause remanded to the trial court, with directions to overrule the demurrer and re-issue the temporary injunction.

*Reversed and remanded, with directions.*