**Precision Products Company, Appellee, v. Elisha J. Cady and George W. Cady, Individually and as Copartners, trading as E. J. Cady & Company, Appellants.**

### Gen. No. 28,349.

1. DEFAULTS—*sufficiency of showing to excuse delay in moving to open.* Where defendants' affidavit in support of its motion to set aside a default judgment and for leave to plead, shows that defendants' counsel knew of the case and entered defendants' appearance; that he conferred over the telephone with counsel for plaintiff and stated that he would like more time; and that counsel for plaintiff asked if 10 days additional would be sufficient and was told it would not; and it does not appear that anything further was done but it is certain that it was not the intention to postpone the matter indefinitely, and three terms followed while defendant did nothing, but was in default, there was no such showing that counsel was so free from negligence as would warrant the setting aside of the trial court's order overruling defendant's motion to vacate and set aside the judgment.

2. DEFAULTS—*proper remedy for fraud in proceeding without notice.* If a defaulted defendant has been legally wronged by an alleged fraud on the part of plaintiff's counsel in not observing an oral agreement to notify defendants' counsel before proceeding in

the case, his remedy is in equity, not by motion to set aside the judgment and for leave to plead.

Appeal by defendants from the Superior Court of Cook county; the Hon. EDWARD D. SHURTLEFF, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Affirmed. Opinion filed April 30, 1924.

NEWTON A. PARTRIDGE, for appellants.

LE FORGEE, SCHROEDER & TATE and MURPHY O. TATE, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of assumpsit against the defendants to recover $3,759.16. The declaration was filed December 19, 1921, and a summons issued returnable to the January term, 1922. The summons was served on the defendant Elisha J. Cady on December 21, 1921, and the return of the sheriff shows that the other defendant was not found. On December 31st, both defendants, by their counsel, entered appearance. The next matter that appears from the record is that on April 12, 1922, an order of default was entered against the defendants and on the following day a jury was empanelled to assess plaintiff's damages. After hearing the evidence, they returned a verdict assessing defendants at $3,759.16 upon which verdict and judgment was entered. July 24, 1922, an order was entered by the court giving defendants leave to file their motion in writing to set aside the judgment and for leave to plead to the declaration, and the order recites that this was done *nunc pro tunc* as of May 25, 1922. The same order shows that plaintiff was given leave to file a demurrer to the motion. On August 3, 1922, an order was entered on motion of the defendants that no execution issue on the judgment until further order of the court. On October 13, 1922, the court entered an order which recites that

the motion of the defendants to vacate and set aside the judgment, and for leave to plead, came on for hearing upon said motion and affidavits filed by the defendants in support thereof and upon the demurrer of the plaintiff to such motion, and the court sustained the demurrer, overruled the motion and dissolved the temporary order restraining the issuance of the execution, to reverse which the defendants prosecute this appeal.

The record discloses that notice of the motion, together with affidavits in support of it, were served on counsel for plaintiff on May 24, 1922, and apparently the matter was presented to the court the following day. In support of the motion, the defendants submitted the affidavits of their counsel and the affidavit of defendant, Elisha J. Cady. The substance of defendants counsel's affidavit is that he was an attorney at law and had practiced his profession for many years in Cook county; that previous to the beginning of the suit, he had a number of personal interviews with counsel for plaintiff in reference to the matter in controversy and gave the latter certain information; that as a result of such conferences he was led to place full reliance on the fairness and integrity of plaintiff's counsel; that after suit was brought, he entered defendants' appearance as their attorney before the return day of the summons, and thereafter had a conversation over the telephone with counsel for plaintiff in which he stated to plaintiff's counsel that he would need more time to prepare his defense to be filed in the case than allowed by the statute; that plaintiff's counsel replied that the case would not be reached for trial for a long time, and then asked counsel for defendants whether 10 days additional time would be sufficient, to which counsel for defendants replied that he did not think it would, but that in any event he would file his defense at such time as would not delay the cause for trial; that he would not demur to the declaration; that he would only ask that noth-

ing be done in the case by plaintiff without first giving counsel for defendants notice; that he supposed it was not necessary to have a written stipulation in this respect, to which counsel for plaintiff responded that what counsel for defendants had said "would be all right and that no written stipulation would be required to protect the interests of said defendants and this affiant"; the affidavit further states that he relied upon this understanding and believed that nothing would be done without notice first being given to him by counsel for plaintiff; that he only learned a few days before making the affidavit that judgment had been entered against his clients on April 13, 1922. And further that he believed that the defendants had a good defense on the merits to plaintiff's demand. The affidavit of the defendant, Elisha J. Cady, set forth facts which tended to show a meritorious defense. And further that neither of the defendants knew anything about the default and judgment entered against them until after the expiration of the April term, 1922, and only a few days before making the affidavit.

Authority for the motion of the defendants to vacate the default and judgment and for leave for defendants to plead is claimed by virtue of the provisions of section 89 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 89]. By that section, the trial court, after the passage of the term at which a judgment is entered, is given power to correct all errors of facts which might have been corrected by the writ of error *coram nobis* under the common law. *Marabia v. Mary Thompson Hospital*, 309 Ill. 147; *Chapman v. North American Ins. Co.*, 292 Ill. 179. Counsel for the defendants argues, as we understand it, that the error of fact which was brought to the attention of the trial judge was that there had been an oral agreement entered into between counsel for both parties, whereby counsel for plaintiff had agreed to take no action in the court without first notifying counsel for the de-

Precision Products Co. v. Cady et al., 233 Ill. App. 77.

fendants.  And it is argued that the action of counsel for plaintiff in having a default and judgment entered against the defendants without notice to their counsel, was in effect such fraud upon them as would warrant the court in allowing the motion.  In support of this, reliance is placed upon the *Chapman* case, *supra.*

In the *Chapman* case, a motion was made under section 89 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 89], whereby it was sought to have a judgment vacated and set aside on th ground that the return of the sheriff on the summons was not true.  The court there on a rehearing of the case said: "It has been uniformly held by this court and by other courts that both parties to a suit at law are conclusively bound by the sheriff's return after the term of court has ended in which the judgment was entered and wherein the jurisdiction of the defendant's person depends upon such return.  The return cannot be contradicted in the same suit in any particular at such time.  This was the rule at common law, and so far as we know there is no holding in this country to the contrary by any court of last resort, * * * that error *coram nobis* does not lie to vacate a judgment upon the ground that, contrary to the sheriff's return, there was, in fact, no valid service."  The court then continuing said that the return of the sheriff might be questioned in rare instances as where the sheriff was sued for damages for making a false return, which, of course, would be in a different suit and between different parties.  The court held that before judgment is taken the return of the sheriff could be contradicted by a plea to the jurisdiction of the court of the person of the defendant.  And then continuing said (p. 187): "All the cases will be readily distinguished that have been cited to us on the question of a sheriff's return, by noting that after judgment has been rendered, and after the term has ended in which judgment was rendered, the sheriff's return is con-

clusive as between the parties and cannot be taken advantage of by error *coram nobis* unless such false return has been procured by the fraud of the plaintiff. No such charge is made in this case." And, further, on page 189, the court said: "The fraud of appellee that could be availed of under a motion of this character by appellant is some fraud on the part of appellee or her counsel that prevented appellant from making its defense."

After the opinion in the *Chapman* case, the Supreme Court was again called upon to decide a somewhat similar question. There the authorities were reviewed again and the court there said: "that upon a motion of this kind the sheriff's return of service could not be contradicted, and a judgment could not be vacated upon the ground that, contrary to the sheriff's return, there was in fact no valid service." In that case, the court pointed out the matters of fact that might have been corrected under the common law by writ of error *coram nobis* and said that the same error might now be corrected by virtue of the provision of section 89 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 89], but in that case it is nowhere stated that fraud such as is claimed here nor any kind of fraud practiced by the plaintiff, could be taken advantage of by the writ at common law or now by the motion.

In the case of *The People v. Drysch,* 311 Ill. 342, after the defendant had been found guilty and after the judgment term had passed, he made a motion to vacate the judgment which was denied. It appears that the motion was based on the ground that conviction had been obtained by the admitted perjury of a witness.

The court in holding the contention of the defendant untenable, referred to the case of *City of Chicago v. Nodeck,* 202 Ill. 257 and said (p. 348): "It is held in that case that a court has power to vacate a judgment at any time after the expiration of the term

where the court was without jurisdiction to enter the judgment, and also that where a judgment has been obtained through fraud, such fact constitutes a sufficient reason for vacating it after the term in which it was rendered. The fraud, however, must be a fraud committed by one of the parties on the court and not the perjury of a witness. In the case cited the fraud was the fraud of the City of Chicago, one of the parties to the suit. Granting the two exceptions of want of jurisdiction and fraud by the successful party, the rule is otherwise universal that the jurisdiction of the court to modify, change or set aside a final judgment ceases with the expiration of the term.''

And continuing the court said (p. 349): ''The plaintiff in error insists that the motion to vacate was in the nature of a writ of error *coram nobis*. If it be admitted that this writ is applicable to criminal cases, the errors of fact which could be made the basis for it were not errors upon such questions of fact as arose on the pleadings, upon which issue was or might have been joined, or such questions of fact as constitute the basis of the cause of action or defense upon the merits of the case.'' Citing the *Marabia* case, *supra*.

In the instant case, we think we would not be warranted in disturbing the order appealed from. While the affidavit which sets up matters alleged to constitute fraud are rather uncertain and not positive, it shows that defendants' counsel knew of the case and entered the defendants' appearance December 31st; that he conferred with counsel for plaintiff over the telephone and stated that he would like more time; that counsel for plaintiff asked if 10 days additional time would be sufficient and reply was that it would not be sufficient. Nothing further appears to have been done, and it is certain that it was not the intention that the matter should be postponed indefinitely. Three terms followed and the defendants did nothing but were in default. We think it does not

show that counsel was so free from negligence as would warrant us in setting aside the order.

If judgments may be set aside, long after the passage of the judgment term, by simply making a motion as in the instant case, no one would be able to say when, if ever, a judgment became a finality. The law ought not to be so uncertain. If defendant has been legally wronged his remedy is in equity as the Supreme Court pointed out in the *Chapman* and *Marabia* cases.

The order of the superior court of Cook county is affirmed.

*Affirmed.*

TAYLOR, P. J. and THOMSON, J. concur.