102    APPELLATE COURTS OF ILLINOIS.

Marquette N. F. I. Co. v. Minn. F. & M. I. Co., 233 Ill. App. 102.

## Marquette National Fire Insurance Company, Defendant in Error, v. Minneapolis Fire & Marine Insurance Company, Plaintiff in error.

### Gen. No. 28,317.

1. DEFAULTS—*making issue of fact by plea to motion to open.* Where a motion is made, asking that a default and judgment entered against defendant be set aside, setting forth the grounds upon which it is based, after the judgment term, the plaintiff may raise an issue of fact upon it by filing a plea denying the truth of the error in fact alleged by the motion, or the legal sufficiency of the motion may be raised by demurrer.

2. JUDGMENTS—*essential character of motion to open or vacate.* While the statute has substituted a motion for the common-law writ of error *coram nobis* the essentials of the proceedings upon the motion are the same as they were at common law upon the writ.

3. JUDGMENTS—*impeachment of sheriff's return on motion to vacate.* A sheriff's return of service may not be contradicted upon a motion in the nature of a writ of error *coram nobis* under section 89 of the Practice Act, Cahill's Ill. St. ch. 110, ¶ 89, and a judgment may not be thus vacated, after the term and in the same case in which it has been entered, upon the ground that, contrary to the sheriff's return, there was, in fact, no valid service.

4. JUDGMENTS—*bill as proper remedy against default on false return of service.* The remedy open to a defendant against whom judgment has been rendered by default under a return of service which is valid on its face, upon the ground that, contrary to the return, there was, in fact, no valid service, is, after the judgment term, by a bill in equity to enjoin the judgment, under which it may be shown that the judgment is void for want of jurisdiction of the parties and that defendant has a good defense on the merits to the action at law.

Error by defendant to the Superior Court of Cook county; the Hon. MARCUS KAVANAGH and HUGO PAM, Judges, presiding. Heard in the third division of this court for the first district at the March term, 1923. Affirmed. Opinion filed April 30, 1924. Rehearing denied May 14, 1924. *Certiorari* denied by Supreme Court (making opinion final).

BATES, HICKS & FOLONIE, for plaintiff in error.

HUGH O'NEILL, for defendant in error,

MR. JUSTICE THOMSON delivered the opinion of the court.

The plaintiff company brought this action of assumpsit against the defendant company in the Superior Court of Cook county, to recover the amount of a loss, basing its claim on an alleged reinsurance contract. By the *præcipe* filed, the plaintiff directed that summons be directed to the sheriff of Peoria county, for execution. That was done and the summons was duly returned by the sheriff of Peoria county, as executed on the defendant "by leaving a true and correct copy thereof with William E. Gable, the agent of the said defendant, Minneapolis Fire & Marine Insurance Co., a corporation. The President of said defendant, Minneapolis Fire & Marine Insurance Co., a corporation not being found in my County."

The defendant failing to appear, default was entered, and plaintiff's damages were assessed and judgment entered against the defendant, on February 16, 1922, for $1,558.51 and costs. Thereafter on July 26, 1922, at a subsequent term of the Superior Court, the defendant filed its special appearance and a motion in writing, being a motion in the nature of a writ of error *coram nobis,* under the provisions of Section 89 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 89], asking that the default and judgment entered against it be vacated and set aside, setting forth specifically, the grounds on which the motion was based. The trial court, after a hearing, denied the defendant's motion. Thereafter, the defendant sued out this writ of error.

The defendant was sued, and is described in the plaintiff's declaration as a foreign insurance corporation. It is admitted that the plaintiff purported to get service of process on the defendant under and by virtue of the provisions of our statute as to the service of process on such corporations. Ill. Sts. ch. 73, par. 150. It is there provided that any foreign insurance company, desiring to transact insurance business

by any agent or agents in this State, ''shall first appoint an attorney in this State on whom process of law can be served, and file in the office of the insurance superintendent a written instrument duly signed and sealed, certifying such appointment, which shall continue until another attorney be substituted  *  *  * and any process issued by any court of record in this State and served upon such attorney by the proper officer of the county in which such attorney may reside, or may be found, shall be deemed a sufficient service of process upon such company, but service of process upon such company may also be made in any other manner provided by law.''

The return of the sheriff of Peoria county is not to the effect that he served the summons in this case by leaving a copy with the attorney of the defendant, who had been duly appointed by it,. by its certificate filed in the office of the insurance superintendent of this State, but merely that the service was by leaving a copy with ''William E. Gable, the agent of said defendant.'' The *præcipe* was filed by the plaintiff in this case on December 7, 1921, and the return of the sheriff of Peoria county was under date of December 13, 1921.

One of the grounds for the defendant's motion to vacate the judgment, as set forth by it in the motion was as follows:

''The said William E. Gable, upon whom the supposed service was made by the Sheriff of Peoria County is not and was not on December 7th, 1921, or any time thereafter, nor was he for a long time before that date any agent of the defendant corporation, but to the contrary the said William E. Gable has been no agent of the defendant corporation since February, 1915; that since the year 1915, the defendant corporation has annually filed a sworn statement with the Insurance Department of the State of Illinois, in which said sworn statement the said defendant corporation has named its agent for service in the State of Illinois; that by statutes and regulations of the In-

surance Department of the State of Illinois said defendant's license extends for a period of twelve months only; that the said defendant has not discontinued doing business in Illinois at any time before or after the year 1910; that at the time of the supposed service of summons upon it by the said Sheriff of Peoria County, Illinois, and from thence hitherto said defendant has continued to be licensed to do business by and in the State of Illinois by annually filing such sworn statement with the said Insurance Department of the State of Illinois, and that in each of the said sworn statements so filed said defendant did name its agent for service; that on and after March 26th, 1915, William E. Gable was no agent of this defendant, and was not in the said sworn statement filed by the said defendant with the said Insurance Department in any year thereafter named as agent for service by the said defendant, but that subsequent thereto and until March 1st, 1917, William R. Fish was so named as agent for service by defendant; that thereafter until November 1st, 1921, Fred S. James & Company was named in the said annual return as agent for service by the defendant; and that thereafter to the present time Harvey C. Wetzel was named as agent for service by the said defendant in said sworn statement filed with the Insurance Department of the State of Illinois; and that the supposed service upon the said William E. Gable was not any lawful service of process upon this defendant in the month of December, 1921.''

No issue of fact was made on the defendant's motion, by any plea filed by the plaintiff, denying the truth of the alleged errors of fact, as set up in that motion. Where such a motion is interposed by a defendant, after the judgment term, the plaintiff may raise an issue of fact upon it, by filing a plea denying the truth of the error in fact, alleged by the motion, or the legal sufficiency of the motion may be raised by demurrer to the motion. *Smyth v. Fargo,* 307 Ill. 300. The only point made by the plaintiff in this court, in support of the action of the trial court, is one of law,

106    APPELLATE COURTS OF ILLINOIS.

Marquette N. F. I. Co. v. Minn. F. & M. I. Co., 233 Ill. App. 102.

to the effect that the parties to a suit at law are conclusively bound by the sheriff's return, after the judgment term has ended, and that the motion to vacate, filed by the defendant, is insufficient on its face, for it fails to set forth any error in fact, sufficient to support such a motion. Apparently, from the record, that was also plaintiff's position in the trial court, the court treating that position as a demurrer *ore tenus*.

The practice, upon the motion which has been substituted by the statute for the writ of error *coram nobis*, has been pointed out by the Supreme Court in a number of cases. *Mitchell v. King*, 187 Ill. 452; *Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516; *People v. Noonan*, 276 Ill. 430; *Chapman v. North American Life Ins. Co.*, 292 Ill. 179; *Marabia v. Mary Thompson Hospital*, 309 Ill. 147. While the statute has substituted a motion for the common-law writ of error *coram nobis*, these cases hold that the essentials of the proceedings upon the motion are the same as they were at common law upon the writ. In the case last cited, the Supreme Court held that the errors of fact which could be made the basis of a writ of error at common law and which can now be made the basis of a motion to set aside and vacate a judgment under section 89 [Cahill's Ill. St. ch. 110, ¶ 89], were such as "referred to the disability of parties, the incapacity of the plaintiffs to sue or the disability of the defendants to defend, such as infancy, coverture, death of one or more of the parties, death of a joint party, insanity. Any of these facts, if known to the court, would prevent the entry of a judgment, and it is to error arising out of lack of knowledge by the court of such facts that the writ of error *coram nobis*, or the motion which is its substitute, applies. * * * Tidd's Work on the Practice of the Courts of King's Bench and Common Pleas was first published in 1790, and no suggestion can be found in it or in the later editions, of which there have been many, that any other questions of fact than those of the character

mentioned in that work, which have been already cited, constituted the basis for a writ of error *coram nobis*."

Counsel for defendant seeks to distinguish *Chapman v. North American Life Ins. Co., supra,* from the case at bar. We appreciate the fact that the cases are not entirely analogous. In the *Chapman* case, service was had on an officer of the defendant, in the county in which the suit was commenced. In the case at bar, service was had in a county other than that in which the suit was commenced, and on one who, at the time, had no connection with the defendant company. In the *Chapman* case neither constructive fraud nor actual fraud was charged, while in the case at bar it was charged either that the plaintiff knew that the party on whom it directed the service to be had was not the duly appointed attorney or agent of the defendant, in which case there was actual fraud; or that it should have known, and by the exercise of reasonable diligence could have known or discovered who the attorney or agent of the defendant was, duly appointed by it under the statute for the service of process, in which case there may be said to have been constructive fraud. We appreciate further, that in the *Chapman* case, while the Supreme Court said that both parties to a suit at law are conclusively bound by the sheriff's return after the term of court is ended, in which the judgment was entered, and wherein the jurisdiction of the defendant depends upon such return, the court also said in the opinion filed in that case, that "after the term has ended in which judgment was rendered, the sheriff's return is conclusive as between the parties and cannot be taken advantage of by error *coram nobis* unless such false return has been procured by the fraud of the plaintiff." The court then proceeded to point out that no question of fraud was present in that case. But in the later case of *Marabia v. Mary Thompson Hospital, supra,* the Supreme Court referred to the *Chapman* case and said that the court there held "that upon a motion of this

kind the sheriff's return of service could not be contradicted, and a judgment could not be vacated upon the ground that, contrary to the sheriff's return, there was, in fact, no valid service.''

From a careful consideration of these decisions of the Supreme Court upon this question, we have come to the conclusion that it is now the law in this state, under these decisions, that the sheriff's return of service may not be contradicted, upon a motion under section 89, and a judgment may not thus be vacated, after the judgment term and in the same case in which it has been entered, upon the ground that, contrary to the sheriff's return, there is, in fact, no valid service. The remedy open to a defendant in such a situation is by a bill in equity to enjoin the judgment at law, where it can be shown that such judgment is void because of want of jurisdiction of the subject-matter or of the parties, and that the defendant has a good defense to the merits of the action at law. *Chapman v. North American Ins. Co., supra; Marabia v. Mary Thompson Hospital, supra; Adams & Pigott Co. v. Allen,* 310 Ill. 119.

For the reasons stated the order of the Superior Court appealed from is affirmed.

*Order affirmed.*

TAYLOR, P. J. and O'CONNOR, J. concur.