**Harry A. Satin, trading as H. A. Satin & Company, Appellee, v. Twin City Fire Insurance Company of Minneapolis, Minnesota, Appellant.**

### Gen. No. 30,060.

JUDGMENTS—*affidavit challenging validity of service of summons as basis for motion in nature of writ of error coram nobis.* An affidavit stating facts impeaching the validity of the service of the summons in an action against a foreign corporation on the ground that the plaintiff fraudulently. procured the summons to be served upon a person as agent of such corporation, who was not an agent thereof, forms no basis for a motion under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, in the nature of a writ of error *coram nobis*, to vacate the judgment founded upon such service.

Appeal by defendant from the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1925. Affirmed. Opinion filed November 23, 1925.

THEODORE JOHNSON, for appellant; ELMER H. HEITMANN, of counsel.

WOLFSOHN & FIREMAN, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Defendant seeks the reversal of an order of the municipal court of Chicago denying its motion to quash the return of service of summons and to vacate the judgment rendered against it for $2,700.

The return made by the bailiff of the municipal court indorsed on the summons recites that the summons was served on J. D. Martin, agent of the corporation, "The President, Clerk, Secretary, Superintendent, General Agent, Cashier, Principal, Director, Engineer, Conductor, or any other agent of said corporation not found in the City of Chicago." The defendant not appearing, judgment against it was entered by default on October 15, 1924. After the term had expired and on November 22, defendant filed a special appearance and moved to vacate the default and judgment and to quash the return of the service of summons.

By affidavits defendant alleged in substance that defendant is a corporation organized and existing under the laws of Minnesota; that George L. Martini is its general agent in Illinois; that the Illinois office of defendant is at 166 West Jackson boulevard in Chicago; that its name and address appear in the telephone directory; that J. D. Martin, named in the return as the agent of defendant, has an office at 175 West Jackson boulevard; that the name of this defendant does not appear on the windows, doors, or on any sign in connection with said office; and that said Martin was not the agent of the defendant in any capacity whatsoever.

A notation on the summons indicates that it should be served on Martin, and defendant's affidavits state that plaintiff fraudulently caused the summons to be

served on Martin, although he knew, or by reasonable diligence might have known, the correct office address of the defendant, and that Martin was not the agent of the defendant in any capacity whatsoever.

Taking the allegations of the affidavits as true, the question presented is, can the trial court vacate a judgment upon motion made under section 89 of the Practice Act [Cahill's St. ch. 110, ¶ 89] in the nature of a writ of error *coram nobis*, after the term at which judgment was entered, upon the ground that plaintiff fraudulently procured the service of the summons upon a person as agent of defendant, who was not an agent, and such service is void.

It is stated that the trial court denied the motion under the authority of *Chapman v. North American Life Ins. Co.*, 292 Ill. 179, and *Marabia v. Mary Thompson Hospital*, 309 Ill. 147.

As we construe the decisions in these cases, the action of the trial court was proper. They clearly define the kind of facts, relating to the defendant, which are grounds for an after-term vacation of a judgment upon such a motion; as where the nominal defendant was dead, or an infant without guardian, or a person insane at the time of trial. Such facts must relate to the disability of the nominal defendant to defend. This was the rule under the old writ of error *coram nobis* and still controls. Facts relating to the validity of the service of summons are held not to be a basis for the motion. These decisions and what is said in the opinions must be taken as conclusive of the question before us. Defendant's remedy was either a suit against the bailiff for making a false return, or a proceeding in chancery, or by petition to the municipal court under section 21 of the Municipal Court Act, ch. 37 [Cahill's St. ch. 37, ¶ 409].

The judgment of the trial court is affirmed.

*Affirmed.*

MATCHETT, P. J., and JOHNSTON, J., concur.