Frank Bishopp, Appellee, v. E. D. Risser (Isabelle Risser Gathany, Executor of Last Will and Testament of E. D. Risser, Deceased), Appellant.

Gen. No. 10,233.

Opinion filed June 4, 1948. Released for publication June 25, 1948.

Eva L. Minor, of Kankakee, for appellant.

Robert F. Goodyear, of Watseka, for appellee.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

On June 3, 1943, Frank Bishopp filed in the circuit court of Iroquois county, his affidavit stating that in a certain cause therein, pending in the circuit court of said county, wherein E. D. Risser and William Dale were plaintiffs and Frank Bishopp and Bishopp Cereal were defendants, a judgment for $12,547.66 was recovered on January 16, 1932, in favor of Bishopp Cereal Company, a corporation, against E. D. Risser, one of the plaintiffs in said suit; that a decree was entered in said cause and recorded at pages 437 and 438 in book 78 of chancery records of said court, and also shown at page 232 of the judgment and execution docket 5 of said circuit court; that the Bishopp Cereal Company thereafter became bankrupt, and that its trustee in bankruptcy sold and assigned to affiant the said judgment, and that affiant, Frank Bishopp, is now the owner of said judgment and all the benefits thereto, and therein. No relief was prayed in the affidavit.

At the bottom of the page of the affidavit appears the following:—"The return day for the writ to be issued herein, is hereby set forth as the first Monday of the month of July, 1943." This designation of the return day of the writ was signed by the attorney then representing Frank Bishopp. No complaint was filed to revive the judgment, nor action brought on the judgment.

Section 25 of the Limitations Act [Ill. Rev. Stat. 1947, ch. 83, par. 24b; Jones Ill. Stats. Ann. 107.284(2)],

so far as here pertinent, is as follows:—"Judgments in any court of record in this State may be revived by scire facias, or ordinary civil action in lieu of scire facias as provided by the Civil Practice Act, and all existing and future amendments thereof, or a civil action may be brought thereon within twenty years next after the date of such judgment and not after. . . . Provided, however, that actions to revive judgments in any court of record in this State by scire facias shall be commenced by affidavit of the judgment creditor . . . or assigns, setting forth a description of the original judgment by title of the action, date and amount thereof, together with a statement of any partial satisfaction of such original judgment that may appear of record at the time of making such affidavit, also setting forth a written designation of the return day for the writ." "The Clerk of such Court shall file such affidavit as a separate action which shall be ancillary to the action in which the original judgment was entered."

Section 55 of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 179; Jones Ill. Stats. Ann. 104.055] provides as follows:—"It shall not be necessary to use a writ of scire facias, but any relief which heretofore might have been obtained by scire facias may be had by employing an ordinary civil action at law."

It appears from the record that after the affidavit was filed, the clerk of the circuit court issued a regular summons used in actions at law. A pluries summons was served on E. D. Risser, the judgment debtor.

On February 9, 1944, the court entered a judgment by default against E. D. Risser and the judgment against him was adjudged revived and that Bishopp have execution against Risser thereon. The execution was returned, "no part satisfied," on August 8, 1944.

On April 1, 1947, Isabelle Risser Gathany, as executrix of the last will of E. D. Risser, deceased, filed her motion in the circuit court of said county, to vacate the judgment entered on February 9, 1944, be-

cause the record in the proceeding to revive the original judgment shows on its face that summons was not legally issued, and service of summons was not served on E. D. Risser, "For the time, and in the manner required by law, and that therefore the court was without jurisdiction of the person of the defendant, (E. D. Risser,) and that said purported judgment is void and of no effect." At the hearing of the motion it was contended by the executrix that the summons issued in the proceeding to revive the original judgment was not legally issued, and also that the summons was not served on E. D. Risser for the time and in the manner required by law. The motion was denied and the executrix has appealed. The order made on the motion is a final order, directly reviewable as a final judgment. (*People v. Green,* 355 Ill. 468.)

A writ of scire facias does not appear in the record. The first paragraph of the judgment reviving the original judgment is as follows:—"And now on this 9th day of February, 1944, comes the plaintiff by his attorney, and it appearing to the court that due and personal service of scire facias issued in said cause has been had on the defendant, E. D. Risser, more than twenty days before the return day thereof, and he being now three times solemnly called in open court comes not, nor does any person come for him but herein makes default, which is on motion of plaintiff's attorney ordered to be taken as confessed and the same is hereby ordered of record and the judgment heretofore recovered is ordered to be revived."

It is the contention of the executrix, in this court on her appeal that the circuit court did not have jurisdiction of E. D. Risser, the judgment debtor, in the proceeding to revive the original judgment against him, because no writ of scire facias, was issued by the clerk of such court, nor served on E. D. Risser.

The motion of the executrix to vacate the judgment of revival is in the nature of a writ of coram nobis. (Sec. 72, Civil Practice Act [Ill. Rev. Stat.

1947, ch. 110, par. 196; Jones Ill. Stats. Ann. 104.072];
*Jerome v. 5019–21 Quincy St. Bldg. Corp.,* 385 Ill.
524.) The motion is not directed to the equitable
powers of the court. (*Marabia v. Mary Thomp-
son Hospital,* 309 Ill. 147; *Loew v. Krauspe,* 320 Ill.
244.) The motion does not test the sufficiency of the
pleadings. (*Jerome v. 5019–21 Quincy St. Bldg. Corp.,*
385 Ill. 524; *Marabia v. Mary Thompson Hospital,* 309
Ill. 147.) Jurisdiction of the subject matter does.
not depend upon the sufficiency of the pleadings, or
the rightfulness of the decision. (*O'Brien v. People
ex rel. Kellogg Switchboard & Supply Co.,* 216 Ill.
354.) The error of fact alleged in such a motion must
not be one appearing on the face of the record, or
one contradicting the finding of the court. (*McCord v.
Briggs & Turivas,* 338 Ill. 158; *Chapman v. North
American Life Ins. Co.,* 292 Ill. 179; *People v. Noonan,*
276 Ill. 430; *People v. Green,* 355 Ill. 468.)

In *Chapman v. North American Life Ins. Co., supra,*
it is said: "Under the writ of coram nobis at com-
mon law, where there is error in the process, or
through the default of the clerk, of sufficient character,
if unknown to the court at the time the judgment
was rendered, to preclude judgment, such error of
fact is sufficient to reverse or recall the judgment. (2
Tidd's Pr. *1137.) The error of fact alleged must not
be one appearing on the face of the record or one
contradicting the finding of the court. Such errors
are treated as errors of the court, and the court cannot
set aside a judgment entered by it for errors com-
mitted by it, after the term of court has ended. Such
errors must be reviewed on writ of error proper or by
appeal to an appellate or reviewing court." "It is
important in considering this question to keep in mind
this proposition: that the trial court cannot review
itself or its own judgment and correct the same, either
as to any question of fact found or decided by the

court or as to any question of law decided by it after the term of court has ended.''

In the *Chapman* case it is held that under the writ of *coram nobis* the sheriff's return of service may not be contradicted, and a judgment cannot be vacated upon that ground, contrary to the sheriff's return, there being, in fact, no valid service in that case.

In the case of *People v. Noonan,* 276 Ill. 430, it is held that under the writ of *coram nobis* the finding in the judgment that the defendant, Noonan, was present in court by his attorney and waived and released all errors in the judgment taken against him and that no appeal would be taken by him from the judgment, etc., could not be contradicted. The Supreme Court in that case states: ''The alleged errors here sought to be corrected are findings of fact contained in the judgment order itself.'' (See also *Matthews v. Hoff,* 113 Ill. 90 and cases there cited.) (*Hemmer v. Wolfer,* 124 Ill. 435.)

On January 14, 1941, William C. Jerome started his suit in the circuit court of Cook county, against the Quincy Street Bldg. Corp. The sheriff served the summons on the defendant on the 1st day of February 1941. On February 28, a default was entered against the defendant, and on March the 3rd, a judgment was entered in favor of the plaintiff and against the defendant for $3,875. On April 29, 1941, the defendant, through its attorney, filed a motion to set aside the judgment, and for leave to plead to the plaintiff's complaint. It was claimed by the defendant, that a default in judgment was taken against the defendant before the return day, as stated in the summons. The trial court sustained the motion and vacated the judgment, and the defendant was granted leave to plead. An appeal was perfected to the Appellate Court, who sustained the trial court. The case was certified to the Supreme Court. (*Jerome v. 5019–21 Quincy St.*

*Bldg. Corp., supra,* where it was reversed and remanded.)

The court in discussing the case, stated: "Defendant's motion questioned the order of default entered February 28 and the judgment order of March 3. The basis of the objection was that twenty days had not intervened between the date the summons was served, February 1, and the third Monday of February (February 17,) and that as a result it had until the next return day, which was the first Monday of March (March 3) within which to file an answer. The motion was not filed until more than thirty days after the judgment was entered and therefore any relief defendant might have obtained had it made application within thirty days under section 50 of the Civil Practice Act, (Ill. Rev. Stat. 1943, ch. 110, par. 174 [Jones Ill. Stats. Ann. 104.050],) or paragraphs 82, 83 and 84 of the chapter of the statutes on Judgments and Decrees, (Ill. Rev. Stat. 1943, ch. 77, pars. 82, 83, 84 [Jones Ill. Stats. Ann. 104.099–104.101],) was not available to it. Consequently the motion will have to be treated as having been filed to obtain relief under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1943, ch. 110, par. 196 [Jones Ill. Stats. Ann. 104.072].) It provides: "The writ of error coram nobis is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice."

"It will be observed that the scope of inquiry on such a motion is limited to errors in fact, not appearing on the face of the record, committed in the proceeding, which errors in fact could have been inquired into by the common-law writ of error coram nobis. In illustrating the questions of fact that were subject

to inquiry under such a motion, this court has in various cases referred to matters such as disability of the parties to sue or defend, the failure of the clerk to file a plea or answer, and where a defendant who was not negligent but was, through fraud, duress or excusable mistake, prevented from interposing a valid defense existing in the facts in the case. *Jacobson v. Ashkinaze,* 337 Ill. 141; *Marabia v. Mary Thompson Hospital,* 309 Ill. 147; *Chapman v. North American Life Ins. Co.,* 292 Ill. 179.

''The facts upon which the alleged error in this case was committed were a matter of record and before the court when the judgment was entered. The entering of the orders of default and judgment had the legal effect of a holding by the court that service had been obtained a sufficient length of time to meet the requirements of Rule 4 of this court and to authorize the entering of an order of default and judgment without further delay. By the motion, defendant asked the court to review its former ruling in this regard and to hold the orders of default and judgment were prematurely entered. The question thus presented involved a question of law which required a construction of Rule 4 and its application to the admitted facts. Such matters are not within the field of inquiry allowable under a motion filed under section 72 (par. 196) of the Civil Practice Act [Ill. Rev. Stats. 1943, ch. 110, par. 196; Jones Ill. Stats. Ann. 104.072]. The rule is well established that such a motion is not available to review questions of fact which arise upon the pleadings or to correct errors of the court upon questions of law. *People v. Crooks,* 326 Ill. 266; *Village of Downers Grove v. Glos,* 316 Ill. 563; *Marabia v. Mary Thompson Hospital,* 309 Ill. 147.''

It will be observed that in the instant case that the judgment order recites that due and proper service of scire facias was issued in said cause, and had on the defendant, E. D. Risser, more than twenty days before

the return day thereof. This statement stands uncontradicted in the record. It is our conclusion that the trial court properly denied the motion to vacate and set aside the judgment appealed from, and the same is hereby affirmed.

*Affirmed.*