(No. 12564.—Judgment affirmed.)
ELEANOR DELANY CHAPMAN, Appellee, *vs.* THE NORTH AMERICAN LIFE INSURANCE COMPANY, Appellant.

*Opinion filed February 18, 1920—Rehearing denied April 15, 1920.*

1. PRACTICE—*nature of writ of error coram nobis at common law.* At common law the writ of error *coram nobis* could be sued out of the same court and before the same judge rendering a judgment at law to reverse the judgment for an error of fact which, if brought to the knowledge of the court, would be sufficient, of itself, to defeat the judgment.

2. SAME—*what errors of fact are available under writ of error coram nobis or under section 89 of Practice act.* Error of fact which may be assigned under a writ of error *coram nobis* or by motion under section 89 of the Practice act must be some fact unknown to the court at the time judgment was rendered and which would have precluded the rendition of the judgment, such as the facts that the nominal defendant was dead, was an infant without guardian, a *feme covert* or a person insane at the time of the trial.

3. SAME—*error in process may be sufficient to recall judgment under writ of error coram nobis.* Error in the process or through the default of the clerk which is of sufficient character to preclude the judgment but which was unknown to the court at the time the judgment was rendered and does not appear on the face of the record is sufficient to reverse or recall the judgment under a writ of error *coram nobis.*

4. SAME—*court cannot correct its own errors after term has ended.* Before the term has ended the court may review its judgment rendered during the term as to matters of fact or of law decided by it and correct its judgment if erroneous, but after the term has ended errors of fact appearing on the face of the record or contradicting the finding of the court cannot be corrected by the court rendering the judgment but must be reviewed by an appellate court on writ of error or appeal.

5. SAME—*demurrer to writ of error coram nobis admits fact alleged as error.* On a writ of error *coram nobis* or in a proceeding under section 89 of the Practice act, the fact alleged as error is admitted by demurrer or plea of *nullo est erratum* or by a motion to dismiss.

6. SAME—*when writ of error coram nobis does not.lie.* A writ of error *coram nobis* does not lie to contradict or put in issue any fact that has been adjudicated in the action, submitted to a jury or found by a referee or by the court sitting to try the issues, or to correct any error in the judgment of the court.

7. SAME—*plaintiff's failure to disclose defense to action is not a fraud for which writ of error coram nobis will lie.* The plaintiff is under no obligation to introduce any part of the defendant's defense which must be specially pleaded, and the plaintiff's failure to disclose a defense to the action is not a fraud for which a writ of error *coram nobis* will lie, but such fraud must be some act on the part of the plaintiff or its counsel that prevents the defendant from making its defense.

8. PROCESS—*sheriff's return that president of corporation was not found in county means he could not be found.* The finding of a sheriff in his return that the president of a defendant corporation was not found in his county is equivalent to a return that the president could not be found in the county, and the court cannot do otherwise than regard the finding as true unless contradicted in some proper way recognized by law.

9. SAME—*writ of error coram nobis does not lie to contradict sheriff's return showing valid service.* Both parties to a suit at law are conclusively bound by the sheriff's return after the term in which judgment was rendered, where the jurisdiction of the defendant's person depends on such return, showing that the defendant was duly served; and a writ of error *coram nobis* does not lie to vacate the judgment upon the ground that, contrary to the sheriff's return, there was, in fact, no valid service, unless a false return has been procured by the fraud of the plaintiff.

10. SAME—*false return may be taken advantage of by plea to jurisdiction of person.* Before judgment is taken a false return by the sheriff may be taken advantage of by a plea to the jurisdiction of the person of the defendant.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. VICTOR P. ARNOLD, Judge, presiding.

THOMAS E. ROONEY, and FERDINAND GOSS, (CHARLES S. DENEEN, of counsel,) for appellant.

WINSTON, STRAWN & SHAW, and MONTGOMERY, HART & SMITH, (LOUIS E. HART, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

A default judgment in favor of appellee, Eleanor Delany Chapman, in the sum of $20,600, was entered against appellant in the circuit court of Cook county on March 17, 1916, on an insurance policy issued by appellant on the life of Rudolph C. Keller. Court adjourned for the term the following day. On May 16, 1916, appellant filed a motion in writing, under section 89 of the Practice act, in the nature of a writ of error *coram nobis,* to vacate the judgment theretofore entered and to set aside the default and for leave to plead to the merits. Affidavits were filed in support of the motion. Appellee filed a demurrer to the motion, which the court sustained and rendered an order denying the motion to vacate the judgment. An appeal to the Appellate Court for the First District was perfected and the judgment of the circuit court was by that court affirmed. The case comes to this court on a certificate of importance and appeal granted by the Appellate Court.

The motion and affidavits of appellant alleged, in substance, that there was no legal service had on appellant in the cause because the copy of the summons in the cause

was delivered by the sheriff to the vice-president of appellant, Thomas M. Knox, which was the only attempted service on defendant in said cause, and that the sheriff made his return of the service as follows: "Served this writ on the within named North American Life Insurance Company of Chicago, a corporation, by delivering a copy thereof to Thomas M. Knox, vice-president and agent of said corporation, this 10th day of January, 1916, the president of said corporation not found in my county." It was further alleged that J. H. McNamara, the president of appellant, was attending to his duties as president at the time the summons was served, in the suite occupied by appellant at No. 36 South State street, in Chicago, Illinois, during the entire day, with the exception of occasional temporary absences from the building, and that he was not in concealment or in hiding but was publicly engaged in his business as aforesaid, and that no effort whatever was made by the sheriff or his deputy to find the president, who could readily have been found by him. It was further alleged that on the 30th of December, 1913, the third yearly premium in the sum of $395.40 fell due on the policy of life insurance issued by the defendant on the life of Rudolph C. Keller and which is the policy sued on in this case, and that Keller failed to pay the premium when due but permitted the policy to lapse, and also failed to pay the premium on certain other policies aggregating the sum of $80,000 and which had been issued on the life of Keller for the benefit of the estate of Keller, and that he permitted all of said policies to lapse; that subsequently, in February, 1914, Keller called at appellant's office and on request he was re-instated in all of said policies, including the policy sued on by appellee; that thereupon Keller paid $99.40 on account of the amount due on the third premium of the policy for the benefit of appellee and executed and delivered his promissory note for the balance of the premium, which note is in the following words and figures, to-wit:

"*December 30th, 1913.*    $296.

"Six months after date I promise to pay to the order of North American Life Insurance Company of Chicago two hundred ninety-six and no/100 dollars, value received, with interest at the rate of five per cent per annum, at 1702 North American building, Chicago, Illinois.

"It is agreed that this note is given in part payment of premium due 12/30/13 on policy No. 21850, with the understanding that all claims to further insurance, and all benefits whatever which payment in cash of said premiums would have secured, shall become immediately void and forfeited to said company if this note is not paid at maturity.    R. S. KELLER, *Insured.*"

It was further stated that a receipt was given to Keller by the insurance company which recited: "It is agreed that this receipt is given and accepted with the understanding that all claims to further insurance and all benefits whatever which payment in cash of said premiums would have secured shall become immediately void and be forfeited to said company if the promissory note or notes given in payment of the premium due as above be not paid at maturity;" that on June 20, 1914, notice was forwarded in due course of mail to Keller, informing him that said note would be due at 1702 North American building, Chicago, June 30, 1914, without grace; that said note was not paid at its maturity or thereafter and that the policy lapsed. It was further stated that Keller, subsequent to the date of the maturity of said note and of the lapsing and forfeiture of said policy, called at the office of the appellant and surrendered a certain other policy which had been issued on the life of the wife of Keller, obtained the cash surrender value thereof and at that time said to appellant that his reason for permitting the policies which he had theretofore held, including the one now in suit, to lapse, was that his financial embarrassment prevented him from keeping up payments on life insurance policies. It was further set forth in said motion and affidavits that no officer or agent of appellant other than the vice-president and actuary thereof had any knowledge or notice of the receipt of said sum-

mons until after the adjournment of the term of court at which the judgment was rendered; that the vice-president, on the receipt of said summons, delivered the same to William O. Morris, actuary of appellant, with directions to deliver the same to the secretary, which directions were in accordance with the duties of the vice-president of the company; that the actuary on the same day the summons was so served, placed the same on the desk of the secretary, which was the place for papers requiring the attention of the secretary to be ordinarily placed; that the secretary happened at that time to be temporarily absent; that all matters relating to policies of insurance issued by appellant were in charge and control of the secretary; that upon receipt of any process or matters relating to suits the same would be immediately by him delivered to the regular counsel employed by the appellant, Goss & Rooney, of Chicago; that the reason the summons in said suit was not so forwarded to counsel was because of the fact that the process never came to the possession or knowledge of the secretary or of its counsel or of its president or any other officer except the vice-president and actuary.

Other facts were set up in the affidavits by the appellant tending to show that it was not guilty of negligence in failing to apprise its counsel of the pendency of this suit in time to plead and make defense to the same before default was entered, or showing that such neglect, if any, was excusable, etc. For the purposes of this decision only, and without actually deciding that fact, it will be conceded that appellant was guilty of no negligence in failing to make its defense before default. It will not, therefore, be necessary to further dwell on the facts in the affidavits relied on as showing want of such negligence. There are other matters also set up in the affidavits and relied on by appellant as showing errors of fact and for which the judgment should be recalled. Their nature and character will be referred to in this opinion when we dispose of such alleged errors.

At common law the writ of error *coram nobis* could be sued out of the same court when a judgment at law was rendered to reverse the judgment, and before the same judge who rendered the judgment, for an error of fact that might be brought to the knowledge of the court that would be sufficient, of itself, to defeat the judgment. Such error of fact which may be assigned under such writ, or by motion under section 89 of our Practice act, which is controlled by similar rules, must be some fact unknown to the court at the time judgment was rendered, as well as one which would have precluded the rendition of the judgment. (*Cramer* v. *Illinois Commercial Men's Ass'n,* 260 Ill. 516.) Familiar facts of the character involved in this suit and which are sufficient to cause a judgment to be reversed by writ of error *coram nobis* or motion under the statute, when such facts are unknown to the judge at the time of the judgment, are, that the nominal defendant was dead, an infant without guardian, a *feme covert* or a person insane at the time of the trial. (*Pisa* v. *Rezek,* 206 Ill. 344.) Where there is error in the process or through the default of the clerk of sufficient character, if unknown to the court at the time judgment was rendered, to preclude judgment, such error of fact is sufficient to reverse or recall the judgment. (2 Tidd's Pr. *1137.) The error of fact alleged must not be one appearing on the face of the record or one contradicting the finding of the court. All such errors are treated as errors of the court, and the court cannot set aside a judgment entered by it for errors committed by it, after the term of court has ended. Such errors must be reviewed on writ of error proper or by appeal to an appellate or reviewing court.

It is important in considering this question to keep in mind this proposition: that the trial court cannot review itself or its own judgment and correct the same, either as to any question of fact found or decided by the court or as to any question of law decided by it after the term of

court has ended. At any time before the term has ended the court may review its judgment as to matters of fact or matters of law decided by it and correct its judgment, if erroneous.

In a proceeding of this character under section 89 of the Practice act or on a writ of error *coram nobis,* the fact alleged as error is admitted by demurrer or plea of *nullo est erratum* or by a motion to dismiss. (5 Ency. of Pl. & Pr. 36.) The first alleged error of fact admitted in this case by appellee and relied on by appellant to have the judgment reversed or recalled is the finding of the sheriff in his return that the president of said corporation was not found in his county, which is equivalent to a return that the president could not be found in the sheriff's county. If that finding is untrue the fault was with the sheriff and not with the court or judge. It was the finding of the sheriff and the court regarded it as true, which he had the right and power to do, and could not do otherwise unless contradicted in some proper way recognized by law. It was such an error of fact as would have destroyed the judgment if known by the court in time. We therefore held in our first decision of this case that it was such an error of fact as would require the judgment to be set aside or recalled under this motion. On a rehearing we were clearly of the opinion that we were in error, after considering another point and other decisions thereon to which our attention was not called in the first instance. It has been uniformly held by this court and by other courts that both parties to a suit at law are conclusively bound by the sheriff's return after the term of court has ended in which the judgment was entered and wherein the jurisdiction of the defendant's person depends upon such return. The return cannot be contradicted in the same suit in any particular at such time. This was the rule at common law, and so far as we know there is no holding in this country to the contrary by any court of last resort. (*Ridgeway* v. *Bank of Tennessee,* 30

Tenn. 523; *Shoffet* v. *Menifee*, 34 Ky. 150; *Bolling* v. *Anderson*, 1 Tenn. Ch. 127.) It was accordingly held in the three cases cited, and for the reason aforesaid, that error *coram nobis* does not lie to vacate a judgment upon the ground that, contrary to the sheriff's return, there was, in fact, no valid service.

The doctrine prevails in this State that the return of the sheriff on the summons, where that return is in harmony with the findings of the court in its judgment that the defendant was duly served, cannot be contradicted after the term of court has ended in which judgment was rendered, except in rare instances, as where the sheriff is sued for making a false return, which is one of his remedies where the defendant is damaged by a false return. (*Hunter* v. *Stoneburner*, 92 Ill. 75; *Lancaster* v. *Snow*, 184 id. 534.) In this State, before judgment is taken the sheriff's return can be contradicted when a false return is taken advantage of by a plea in abatement, or, more properly speaking, by a plea to the jurisdiction of the court of the person of the defendant. (*Sibert* v. *Thorp*, 77 Ill. 43.) All the cases will be readily distinguished that have been cited to us on the question of a sheriff's return, by noting that after judgment has been rendered, and after the term has ended in which judgment was rendered, the sheriff's return is conclusive as between the parties and cannot be taken advantage of by error *coram nobis* unless such false return has been procured by the fraud of the plaintiff. No such charge is made in this case. So far as the record shows, the plaintiff in this suit knew as little about the whereabouts of the president of defendant as did the court when this judgment was rendered. We are not without authority in our own State upon this question. In *Owens* v. *Ranstead*, 22 Ill. 161, in referring to a false return of a sheriff, this court said: "No relief can be had by writ of error, for the record on its face shows no error,—none by *audita querela*,—for if in use it would be inapplicable. That remedy proceeds upon

the ground of the validity of the judgment and gives relief upon some matter of discharge subsequent to its rendition, as a release or payment. Nor is there any efficacy in the writ of error *coram nobis,* because at law no averment can be made in the same action against the officer's return."

A court of chancery has jurisdiction, under a proper showing, to set aside a judgment at law or a decree in chancery after the term of court is ended, where there has been no valid service on the defendants. But that is not a question for decision in this case, and cases so holding are not applicable. It is quite clear that appellant cannot have relief against the judgment under this motion by reason of the first alleged error of fact. The sheriff's return, if true, showed good service on appellant; and that is not denied. Since the truth of it cannot be controverted under this motion, the judgment must stand.

It is further insisted by appellant that the affidavits disclose that appellant had, in fact, a complete defense to appellee's action that it was prevented from making, as aforesaid. That may be conceded. It further charges that the court committed error in fact in rendering judgment upon a verdict based upon a contract other than the true contract. The real charge is that the court did not hear all the contracts between the parties, including the contract following the alleged forfeiture of the policy by the assured. In other words, the matter of defense of appellant was not considered by the court in rendering its judgment. It is also charged as a matter of fact that there was fraud practiced upon the court and jury by reason of the fact that appellee did not introduce in evidence appellant's said defense. Still other errors of fact are charged,—that the declaration failed to state a cause of action, and that the judgment is excessive because, under the policy and by its various provisions, etc., appellee was not entitled to a judgment for more than $3642. No one of the foregoing charges amounts to any error of fact of which appellant can avail itself under this

motion. As already stated, the court was without right or power to set aside its judgment for any error of its own, whether as to matters of fact or as to matters of law. Such errors could only be considered by a reviewing court on a writ of error proper for such purpose. Error *coram nobis* does not lie to contradict or put in issue any fact that has been adjudicated in the action or to correct any error in the judgment of the court. It does not lie to contradict any fact submitted to a jury or found by a referee or by the court sitting to try the issues. Black on Judgments, sec. 300; *Bronson* v. *Schulten,* 104 U. S. 410; *People* v. *Noonan,* 276 Ill. 430.

Appellee was under no obligation whatever to introduce any part of appellant's defense. The matters relied on by appellant as a defense are matters that must be specially pleaded before they can be availed of by it. It was no fraud on the part of appellee to simply introduce the evidence that made out her own case. She would not have had to do otherwise if appellant had been present and pleaded its defense. It might as well be said by appellant that appellee was required to summon appellant's witnesses and introduce their testimony under special pleas prepared by appellee for it, as to contend that appellee was required to introduce another contract after the policy had issued and showing a defense. The fraud of appellee that could be availed of under a motion of this character by appellant is some fraud on the part of appellee or her counsel that prevented appellant from making its defense. No such charge is made in this case. No errors of fact are alleged in this case that can be availed of by appellant under the writ of error *coram nobis* or under the motion herein considered, as already shown.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*