The Travelers Insurance Company, Appellant, v. Josef Wagner, Trading as Josef Wagner Dairy Company, Appellee.

Gen. No. 37,719.

14

Opinion filed January 28, 1935. Rehearing denied February 11, 1935.

MUSGRAVE, OPPENHEIM, PRICE & EWINS, of Chicago, for appellant.

GRABLOWSKI & KANAK, of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

February 16, 1934, defendant failing to appear, plaintiff had judgment against him for $322.56, and execution was issued; April 6th defendant filed his petition asking that the judgment be vacated; the court vacated the judgment and the cause was set for hearing, and subsequently on May 1st was dismissed for want of prosecution. Plaintiff appeals, asking that the order of April 6th be ordered vacated and set aside.

It is well established that where final judgment has been entered and the term has expired the court has no longer jurisdiction to vacate the judgment except

where the petition to vacate asserts some error of fact unknown to the court at the time judgment was rendered as well as one which would have precluded the rendition of the judgment, such as fraud, duress or excusable mistake without negligence on the part of the defendant. *Jacobson v. Ashkinaze,* 337 Ill. 141; *Chapman v. North American Life Ins. Co.,* 292 Ill. 179; *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516.

January 15, 1934, defendant was served with summons and notified to file his answer or appearance on or before the first Monday in February, 1934, "provided this writ shall be served upon you not less than twenty days prior to said date." The writ also noted that if it should be served less than 20 days before the first Monday of February, defendant should answer or appear on or before the third Monday of February, 1934. The form was pursuant to Supreme Court Rule 4. Sunday, February 4th, was the 20th day after the service of summons; defendant not appearing, plaintiff, on February 16th, took judgment by default.

February 19th, after the entry of the judgment, defendant filed his appearance, jury demand, plea and affidavit of merits.

The petition of defendant, filed April 6th, avers that on February 19th he filed his appearance and affidavit of merits, not knowing at the time of the entry of the default judgment; that from January 15th, the date of the service of summons, to February 5th, which was the first Monday of February, "constituted, in his opinion, less than the twenty days required by the practice in the court" for the reason that the twentieth day fell on Sunday, February 4th. The petition further averred that defendant was served with summons "on February 16, 1934, instead of February 15, 1934, and he further believes that the Sheriff's return of service may be incorrect."

The petition further stated that defendant has a meritorious defense which will appear in the plea and affidavit of merits then on file.

The facts presented in the petition were not sufficient to authorize the court to vacate the judgment. The fact that the defendant or his attorney may have been of the opinion that from January 15th to February 5th was less than 20 days is of no importance and would not change the fact that it was not less than 20 days. The averment is merely an admission of negligence. As stated in *Imbrie v. Bear,* 230 Ill. App. 155, "It is well settled that relief will be barred where the applicant has been guilty of negligence, and that an agent's or attorney's neglect or want of diligence is binding on the principal. (*Simon v. Hengels,* 107 Ill. App. 174; *Foster v. Weber,* 110 Ill. App. 5; *Eggleston v. Royal Trust Co.,* 205 Ill. 170; *Staunton Coal Co. v. Menk,* 197 Ill. 369.)"

The averment that defendant was served with summons on February 16, 1934, is contrary to the record, which shows that summons was served January 15, 1934. Parties are bound by the sheriff's return after the term is ended in which judgment is entered unless a false return has been procured by the fraud of the plaintiff. *Chapman v. North American Life Ins. Co.,* 292 Ill. 179.

The only reply made by counsel for defendant in his brief is that plaintiff did not save any objections or exceptions to the action of the trial court and that there are no assignments of error attached to the transcript of record. It is sufficient to say that the motion or petition to vacate the judgment stands as a declaration in a new suit. *Central Bond & Mtg. Co. v. Roeser,* 323 Ill. 90. Such a motion is a part of the common law record without a bill of exceptions. *Welley v. Klein,* 257 Ill. App. 171.

Moreover, an appeal is now a continuation of the proceedings in the trial court and the whole record is in the reviewing court. Sec. 74 of the Practice Act, Cahill's St. ch. 110, ¶ 202, in effect January 1, 1934, provides that—

"(1) Every order, determination, decision, judgment or decree, rendered in any civil proceeding, if reviewable by the Supreme or Appellate Court of this State by writ of error, appeal or otherwise, shall hereafter be subject to review by notice of appeal, and such review shall be designated an appeal and shall constitute a continuation of the proceeding in the court below. Such appeal shall be deemed to present to the court all issues which heretofore have been presented by appeal and writ of error.

"(2) All distinctions between the common law record, the bill of exceptions and the certificate of evidence, for the purpose of determining what is properly before the reviewing court, are hereby abolished." No formal exceptions need be taken to any ruling or action of the court in order to make such ruling or action a ground for review. Sec. 80, Practice Act, Cahill's St. ch. 110, ¶ 207.

Formal assignments of error were only required by rule of court, not by statute. *Ditch v. Sennott*, 116 Ill. 288. The present rules of the Supreme Court, effective January 1, 1934, contain no provision for assignments of error, but Rule 39, entitled "Briefs," provides that the brief of appellant shall contain "the errors relied upon for a reversal." The brief of plaintiff before us meets this requirement.

Plaintiff by his notice of appeal prayed that the order of April 6, 1934, be vacated and set aside and expunged from the record. Such an order is a final and appealable order. *Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516.

18

The order of April 6, 1934, is reversed and the cause is remanded with directions to vacate and expunge the order entered on that date, and also the order entered May 1, 1934, dismissing the cause for want of prosecution.

*Reversed and remanded with directions.*

O'Connor, P. J., and Matchett, J., concur.