Chicago Faucet Company, Appellee, v. 839 Lake Street Building Corporation, Appellant.

Gen. No. 38,431.

Opinion filed April 22, 1936.

LEVY & SCHMETTERER, of Chicago, for appellant.

BRELIN, BRITTON & LANDON, of Chicago, for appellee; FLOYD E. BRITTON, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal from an order dismissing defendant's petition in the nature of a writ of error *coram nobis* to set aside a judgment against the defendant for $1,444.14, in favor of the plaintiff, entered by the court on January 4, 1935, after an order of default was entered by the court for want of appearance by the defendant.

Suit was begun on January 26, 1933, by the Chicago Faucet Company, a corporation, as plaintiff, by the filing of a praecipe requesting the clerk of the circuit court of Cook county to issue a summons to the defendant in a plea of trespass on the case on promises, directing the sheriff of Cook county to execute and make returnable to the February, 1933, term of court. Summons was issued by the clerk, and the return of the sheriff shows service February 14, 1933, on Mrs. Alberta Taggart, as manager and agent of said corporation, and that the president of the corporation was not found in Cook county. Thereafter, on March 8, 1933, a declaration was filed with the clerk of the court, entitled *The Chicago Faucet Company, a corporation, v. 839 Lake Street Building Corporation, a corporation,* wherein The Chicago Faucet Company complains of 839 Lake Street Building Corporation on a plea of trespass on the case on promises.

The declaration alleges that the defendant, on March 6, 1929, purchased from The Chicago Faucet Company, a corporation, certain plumbing and bathroom fixtures, at a price of $1,444.14, and that the same were delivered to the defendant on April 30, 1929.

The defendant filed a petition to vacate the default judgment, alleging the filing of the suit on January 26, 1933, under the name of Chicago Faucet Company, a corporation; the filing of the praecipe and the issuance of summons and alleged service, and the filing of the declaration on March 8, 1933, under the name of The Chicago Faucet Company, a corporation, and that there is a fatal variance between the praecipe, summons, declaration, and judgment entered by default.

The petition further states that Mrs. Alberta Taggart was not an agent or manager of the defendant at the time of the alleged service of the summons, and that no attempt was made by the sheriff to serve the president of the corporation, and defendant denies indebtedness of $1,444.14 or any other sum claimed to be due the plaintiff.

The petition moves that the judgment be vacated and suit dismissed because of variance and because of the nonexistence of a corporation by the name of Chicago Faucet Company, and for want of a proper declaration. Thereafter a written motion was filed by The Chicago Faucet Company, a corporation, for the reasons stated therein, which motion was allowed.

The purpose of this proceeding by the defendant is to correct an error of fact, that is, the alleged variance between the summons and the declaration as to the exact corporate name of the plaintiff. The variance complained of appears on the face of the record, and such error cannot be taken advantage of by a motion in the nature of a writ of error *coram nobis* under sec. 72 of the Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 200.

Among the several decisions which hold that an error of fact that may be assigned under a writ of error *coram nobis,* or by motion under sec. 89 of the Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 217, must be some fact unknown to the court at the time the judg-

ment was rendered, and one which would have precluded the rendition of the judgment, is the case of *Chapman v. North American Life Ins. Co.*, 292 Ill. 179, wherein the court said:

"At common law the writ of error *coram nobis* could be sued out of the same court when a judgment at law was rendered to reverse the judgment, and before the same judge who rendered the judgment, for an error of fact that might be brought to the knowledge of the court that would be sufficient, of itself, to defeat the judgment. Such error of fact which may be assigned under such writ, or by motion under section 89 of our Practice Act, which is controlled by similar rules, must be some fact unknown to the court at the time judgment was rendered, as well as one which would have precluded the rendition of the judgment."

The defendant contends that there was a misnomer by the plaintiff in its statement of facts, and because of the error, which is apparent on the face of the record, the court should have set aside the judgment entered. After term time the court cannot set aside a judgment for an error appearing on the face of the record, and after the term has ended in which judgment was rendered, the court cannot correct the error. *Chapman v. North American Life Ins. Co.*, 292 Ill. 179. For that reason the defendant is not in a position at this time to question the variance of which it complains.

The defendant also contends that by reason of its being a corporation the return of the sheriff showing service upon an alleged agent may be overcome by evidence that the president of the corporation was in the county and available for service. This point has been passed upon in the case of *Chapman v. North American Life Ins. Co., supra,* wherein the court said:

"The doctrine prevails in this State that the return of the sheriff on the summons, where that return is in

harmony with the findings of the court in its judgment that the defendant was duly served, cannot be contradicted after the term of court has ended in which judgment was rendered, except in rare instances, as where the sheriff is sued for making a false return, which is one of his remedies where the defendant is damaged by a false return. (*Hunter v. Stoneburner,* 92 Ill. 75; *Lancaster v. Snow,* 184 id. 534.) In this State, before judgment is taken the sheriff's return can be contradicted when a false return is taken advantage of by a plea in abatement, or, more properly speaking, by a plea to the jurisdiction of the court of the person of the defendant . . . , and after the term has ended in which judgment was rendered, the sheriff's return is conclusive as between the parties and cannot be taken advantage of by error *coram nobis* unless such false return has been procured by the fraud of the plaintiff.'' In the instant case no claim is made that would justify this court in setting aside the judgment on the ground of fraud.

Plaintiff contends that the defendant does not show a defense to this action. While defense is not controlling, we believe what we have stated in our opinion on the question of variance and the service of summons is controlling and that the trial court was fully justified in sustaining plaintiff's motion to dismiss defendant's petition in the nature of a writ of *coram nobis* to vacate and set aside the judgment against the defendant. The order is accordingly affirmed.

*Order affirmed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.