M. H. Stein, Trading as Stein Motors, Appellee, v.
Midway Chevrolet Company, Appellant.

Gen. No. 42,009.

Heard in the first division of
this court for the first district at the October term, 1941.
Opinion filed June 1, 1942.

Archie Schimberg, of Chicago, for appellant;
Harold J. Finder, of Chicago, of counsel.

Robert E. Cherry, of Chicago, for appellee.

Mr. Justice O'Connor delivered the opinion of the
court.

Plaintiff brought an action to recover $175 claimed
for rent due for the month of April, 1941. The lease

was attached to and made a part of plaintiff's statement of claim. There was a trial by the court without a jury, finding and judgment in plaintiff's favor for the amount of his claim, and defendant appeals.

The material facts are not in dispute. In short compass they are that plaintiff was the lessee of 5 lots located on Stony Island avenue between 76th and 77th streets. Three of these lots were owned by one party and the other two by another. Plaintiff had two separate leases from the owners. March 26, 1940, plaintiff sublet the 5 lots to defendant for a period of 32 months beginning April 15, 1940 and ending December 31, 1942, at a rental of $175 per month, payable in advance. At the time of the making of this lease there was a mortgage on three of the lots which afterward was foreclosed, plaintiff as lessee having been made a party. At the expiration of the period of redemption, March 16, 1941, a master's deed was given to Dorothy M. Sneath for the three lots. Shortly after the delivery of the deed Dorothy M. Sneath served written demand on defendant to surrender possession to her of the three lots. Defendant agreed to vacate within a reasonable time, the 5 lots being used by him for the parking and sale of automobiles. April 30, 1941, defendant vacated the 5 lots; May 7, following, plaintiff brought the instant suit based on the sublease to defendant, as stated.

There is evidence that defendant offered to pay Dorothy M. Sneath the reasonable value for the use and occupancy of the 3 lots from the time he received her notice demanding possession, until he was able to move, and at the same time offered to pay plaintiff the reasonable value for the use and occupancy of the other 2 lots. There is considerable argument in the briefs about what purport to be findings of fact by the trial court June 2, 1941, when the case was being tried, and, after the record was filed in this court, an order was entered by the trial judge purport-

ing to expunge such findings of fact on the ground they were improvidentially entered. But we think this is of no importance.

There is also considerable argument by counsel for plaintiff as to the sufficiency of the so-called assignments of error. On the other side, counsel argues that they were sufficient to raise the errors complained of. The argument is wholly immaterial. If counsel would read Rule 7 of this court, no assignments of error in the technical sense are required. Assignments of error were only required by rule of court, *Ditch v. Sennott*, 116 Ill. 288. They never served any purpose but only to throw one out of court without passing on the merits. The assignments of errors required are those argued in the brief. Those are the points to be decided and the mere adding of meaningless sentences such as, ''The court erred in the admission of evidence,'' ''The court erred in excluding evidence,'' ''The court erred in instructing the jury,'' ''The verdict and judgment are contrary to the law,'' ''The verdict and judgment are contrary to the evidence,'' etc. etc., are of no assistance to the court and any procedure that requires or gives any consideration to such technical nonsense ought to be disregarded. A great lawyer and statesman, the late Elihu Root said: ''Justice is entangled in a net of form.'' Obviously this ought not to be. The purpose of a law suit is to ascertain the facts of the matter in controversy so that the merits may be passed upon by the court—''the realities considered rather than that the matter be decided on mere technicalities.'' *People ex rel. Wilmette State Bank v. Village of Wilmette*, 294 Ill. App. 362. Courts have the right, power, and it is their duty to eliminate such frivolous suggested rules which have no purpose except to confuse, to defeat justice, and justly tend to bring the courts into disrepute. It is such procedure that in part, at least, accounts for the great number of administrative

bodies. More than 6 years ago the 9 judges of this court, in a supplemental opinion, passed on this point. *Trust Co. of Chicago v. Iroquois Auto Ins. Underwriters*, 285 Ill. App. 317. Although this case is cited by counsel for plaintiff on another point, he apparently overlooked the supplemental opinion, as did counsel for defendant. See also *Travelers' Ins. Co. v. Wagner*, 279 Ill. App. 13; *Chicago Title & Trust Co. v. County of Cook*, 279 Ill. App. 462.

What we have said is in accordance with the holding of our Supreme Court in *Taylor v. City of Berwyn*, 372 Ill. 124, where the court was considering the question of the claimed ''inadequacies in the statement of errors relied upon for reversal.'' The court there said: (p. 132) ''Section 76 of the Civil Practice act, (Ill. Rev. Stat. 1937, chap. 110, par. 200, p. 2410,) so far as relevant, provides: 'An appeal shall be deemed perfected when the notice of appeal shall be filed in the lower court. After being duly perfected no appeal shall be dismissed without notice, and no step other than that by which the appeal is perfected shall be deemed jurisdictional.' Notice of appeal was filed by Bartunek and the city in the office of the clerk of the circuit court within the prescribed period of time. Since the statute ordains that no step other than notice of appeal is jurisdictional the determination of whether the method of stating and arguing the issues sufficiently presents them for decision rests in the discretion of the reviewing court.''

It seems to be conceded that the decree of foreclosure which ripened into a master's deed terminated plaintiff's lease to the 3 lots and this being the fact, obviously no suit could be predicated on that lease as was sought to be done by plaintiff. But counsel for plaintiff says that on the trial of the case counsel for defendant offered to prove by the witness Frank Lytle that he had obtained a lease from Mrs. Sneath for the 3 lots and that Lytle agreed to lease the 3 lots

to Stein, but counsel for plaintiff objected to this evidence and it was excluded. But we think this is wholly immaterial because if such were the fact, it would not revive the lease which is the basis of this suit. Such lease having been terminated, obviously no suit could be predicated on it.

The judgment of the municipal court of Chicago is reversed.

*Judgment reversed.*

McSurely, P. J., and Matchett, J., concur.