William C. Jerome, Appellant, v. 5019-21 Quincy Street Building Corporation, Appellee.

Gen. No. 41,832.

BURKE, P. J., dissenting.

Opinion filed January 6, 1943.

John L. Davidson, Jr., of Chicago, for appellant.

George M. Tearney, of Chicago, for appellee.

Mr. Justice Hebel delivered the opinion of the court.

The plaintiff appealed from an order entered upon a petition to vacate a judgment rendered more than 30 days prior to the presenting of said petition. The judgment was entered on March 3, 1941, and the petition to vacate was presented April 29, 1941. The order vacated the judgment of March 3, 1941, and was entered upon the presenting of the petition on April 29, 1941 without any rule upon the plaintiff to answer said petition and without any answer or formal plea thereto having been filed. The judgment vacated was rendered in a common-law action brought by the plaintiff to recover compensation for services rendered by him as an attorney-at-law on behalf of the defendant at the defendant's special instance and request. This judgment was entered upon a finding of the court after default by the defendant.

The petition to vacate the judgment, which operates as a declaration or complaint, was presented April 29, 1941, after the expiration of 30 days from the date of the rendition of the judgment on March 3, 1941, and is in substance as follows:

"Petition

"Your petitioner, George M. Tearney, represents that he is the attorney for the defendant, 5019-21 Quincy Street Building Corporation, a corporation.

"Your petitioner further represents that the secretary of said corporation, Flora Cornell, was served with summons in the above entitled cause on, to wit, the 1st day of February, 1941, and the Sheriff's return on original summons indicates said date of service; that the summons was made returnable for the first Monday in February, 1941, or the third Monday in February, 1941.

"Your petitioner further represents that since service of summons was had on the 1st day of February, 1941, the defendant corporation was entitled to a minimum of twenty days' time within which to file Appearance and Answer herein, and because the third Monday in February was the 17th day of said month and 20 days from date of service of summons herein was beyond the 17th day of February, 1941, indicated in the summons as the third Monday in the month, the defendant corporation by the rules of this Court was not required to file an Appearance and Answer herein until the first Monday in March, 1941.

"Your petitioner further represents that the plaintiff, by his attorney, John L. Davidson, Jr., entered a default against the defendant corporation before the first Monday in March, 1941, and judgment was entered for the plaintiff on the 3rd day of March, 1941, which was the return day because of the date of service of summons herein.

"Your petitioner further represents that the default herein was taken prematurely and without cause.

"Your petitioner further represents that the defendant corporation has a good and meritorious defense to the whole of the complaint filed herein as evidenced by its Defense, which was filed herein.

"Your petitioner further represents that his first knowledge that judgment had been entered herein was on the 21st day of April, 1941 when an execution and bill for costs based upon the judgment entered was served on the secretary, Flora Cornell, and this has been his first opportunity to present this matter before this Honorable Court.

"Wherefore, your petitioner prays that this Honorable Court vacate the judgment hereinbefore entered, and prays that the matter be reset and the issues tried as joined by the pleadings.

(Signed)        George M. Tearney"

The petition was verified by the affidavit of George M. Tearney April 24, 1941.

The court in this action did not rule that the plaintiff answer said petition, and no answer or formal plea was filed but upon said petition being presented on April 29, 1941 the court entered an order thereon as follows:

"On motion of George M. Tearney, solicitor for defendant, notice and petition having been filed herein, the plaintiff and counsel for defendant being present in open court, after hearing had, and the Court being fully advised in the premises and having jurisdiction of the parties hereto and subject matter;

"It is hereby ordered, adjudged and decreed that default judgment herein entered against defendant corporation on the 3rd day of March, A. D. 1941, be vacated and set aside; and,

"It is further ordered that the defendant's plea or answer to complaint be filed within five days from date hereof.

"Entered, by Harry M. Fisher, Judge."

It appears from the record in this case that defendant's plea or answer to the bill was filed within the time fixed by the order. The answer of the defendant which was filed denies that plaintiff performed any legal services for the defendant and denies that the value of services was $4,000; denies that plaintiff was paid $125, and denies that plaintiff is entitled to any relief. The affidavit of Attorney George M. Tearney is that the answer is true.

From the facts as they are stated and appear in the records it appears that on January 14, 1941, the plaintiff brought suit to recover compensation for services rendered by him as an attorney-at-law to the defendant, which services he alleges in his complaint were worth $4,000. He allowed a credit of $125 on account of money previously paid to him, and demanded judgment for a balance of $3,875.

Summons was issued on January 14, 1941, and placed in the hands of the sheriff of Cook county for service. The summons was in the form prescribed by rule 4 of the Rules of the Supreme Court of Illinois and was addressed to the defendant and, in substance, gave notice to defendant 5019-21 Quincy Street Building Corporation, a corporation, as follows:

"To the above named defendant:

"You are hereby summoned to answer the complaint in the above entitled cause.

"Take notice that you must file your answer or otherwise make your appearance in said court held in the court house in the City of Chicago, Illinois, on or before the first Monday in the month of February, 1941, provided this writ shall be served upon you not less than 20 days prior to said date.

"If this writ shall be served upon you less than 20 days before said date, you will file your answer or otherwise make your appearance in said court on or before the third Monday in the month of February, 1941.

"If you do not appear according to the command of this writ, plaintiff may take judgment against you by default.

"This summons must be returned, in person or by mail, by the officer or other person to whom it was given for service, with indorsement thereon of service and fees, if any, not later than 5 days after service thereof and in no event later than the date first above named."

The sheriff's return indorsed on said summons states that he served the summons on the defendant by leaving a copy with Flora Cornell, an agent of said corporation, on the first day of February, 1941. February 3 was the first Monday in February, and the summons was therefore served on the defendant only two days before the first return day. On the reverse side of the summons is the file stamp of the clerk of

the circuit court "Filed 1941 Feb 6 A. M. 11.11." On March 3, 1941, no appearance or answer having been filed by the defendant, plaintiff procured an order of default to be entered and obtained judgment in the sum of $3,875, and costs taxed at $18.20.

Execution was issued March 4, 1941, and a demand for payment thereunder was made on the defendant April 22, 1941. The petition of George M. Tearney, attorney for the defendant, asking the court to vacate said judgment, was presented April 29, 1941, pursuant to a notice served on plaintiff April 28, 1941.

The plaintiff in this action suggests that the circuit court was without jurisdiction on April 29, 1941 to set aside or vacate the judgment entered March 3, 1941, and points to the fact that the judgment was rendered March 3, 1941; that the petition of George M. Tearney to vacate the judgment was presented and filed April 29, 1941, which was after the expiration of 30 days from the rendition of the judgment; the judgment of March 3, 1941 could not be vacated after 30 days from the date it was rendered, and it is urged that prior to the adoption of the Civil Practice Act the court had jurisdiction, during the term at which a judgment was rendered, to vacate or set aside the judgment but, after the expiration of the term, the court was without jurisdiction to vacate the judgment. When the Civil Practice Act was adopted the statute giving the court jurisdiction over the judgment for 30 days after its entry was substituted for the rule by which the court retained jurisdiction during the term. Section 82, ch. 77, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.099] (State Bar Ed.) provides:

"Hereafter every judgment, decree or order, final in its nature, of any court of record in any civil or criminal proceeding shall have the same force and effect as a conclusive adjudication upon the expiration of 30 days from the date of its rendition as, under the

law heretofore in force, it has had upon the expiration of the term of court at which it was rendered.''

Plaintiff cites in support of his contention the case of *Travelers Ins. Co. v. Wagner,* 279 Ill. App. 13, pages 14, 15, in which the court said:

''It is well established that where final judgment has been entered and the term has expired the court has no longer jurisdiction to vacate the judgment except where the petition to vacate asserts some error of fact unknown to the court at the time judgment was rendered as well as one which would have precluded the rendition of the judgment, such as fraud, duress or excusable mistake without negligence on the part of the defendant.''

Plaintiff also cites the case of *Whalen v. Twin City Barge & Gravel Co.,* 280 Ill. App. 596 in which the court said:

''No rule of practice was better settled than that a court retained jurisdiction of the parties and the subject matter of the suit until the end of the term of court, and a judgment did not become final or pass beyond its control until that time; such is not the law, since, under the provisions of the Civil Practice Act, terms of court are no longer the basis for fixing the time for doing any act or the taking of any procedural step. By an act of the General Assembly, approved June 21, 1933, in force January 1, 1934, Cahill's Rev. St. 1933, Ch. 110, Par. 268, 269 (Smith-Hurd Rev. St. 1933, Ch. 77, Secs. 82, 83) it is provided that all judgments of any court of record in any civil or criminal proceeding shall have the same force and effect as a conclusive adjudication upon the expiration of 30 days from date of its rendition, as under the law heretofore in force it has had upon the expiration of the term of court at which it was rendered, . . . .''

Plaintiff further cites *Davis v. East St. Louis & Suburban Ry. Co.,* 290 Ill. App. 540.

Plaintiff in this action states that the circuit court was without jurisdiction.

It is the defendant's position in this appeal that the court had jurisdiction to vacate and set aside an order or judgment where some error of fact existed unknown to the court at the time the order or judgment was entered. As we have already indicated, the plaintiff cited the case of *Travelers Ins. Co. v. Wagner,* 279 Ill. App. 13, and maintains that the petition filed there was similar to the one filed in this case. Although this may be true, the facts surrounding the situation were entirely dissimilar. When we come to consider the facts in this case it would appear that the sheriff's tardy return was the basis of the court's ruling, although more than 30 days had elapsed from the entry of the judgment and it appears from the pleadings that were filed by the parties that it is agreed by the plaintiff and defendant that a petition in the nature of a writ of error coram nobis would have been a proper plea under the facts in the instant case if the filing of such writ was still the practice, but that although the writ has been abolished it is still the ruling law that errors of fact committed in the proceedings of any court of record may be corrected by the court in which the error was committed at any time within five years after the order complained of was entered.

The defendant cites the case of *Chapman v. North American Ins. Co.,* 292 Ill. 179, where the court held that an error in the process or through the default of the clerk which was of sufficient character to preclude the judgment, but which was unknown to the court at the time the judgment was rendered, and did not appear on the face of the record, was sufficient to reverse or recall the judgment, and alleges that the circuit court therefore had jurisdiction to vacate the judgment rendered in spite of the fact that more than 30 days had elapsed since the entry of the order, and that

the court had the right to reserve or recall a judgment on mere application or petition.

As to the ruling upon the sheriff's neglect to return the summons, the plaintiff makes no mention of this and would have this court believe that this point may be raised now for the first time.

The plaintiff states and seems to take the position that the trial court by vacating the default judgment invalidated the summons and service of it. Had this been the ruling of the trial court and had the trial court held the summons invalid, the order vacating the default judgment would not have directed the defendant corporation to plead or answer the complaint. If, as plaintiff suggests, the summons had been invalidated, and this had been the ruling of the trial court, defendant would not be in court, and therefore the trial court could not direct it to plead or answer. However, it appears from the conclusion of the court that it found that the officer or other person to whom summons was given for service had not returned the summons by the first return day named in the summons as required by rule 4(2) of the Supreme Court, which specifies that "the summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees, if any, or of failure to serve the same, within 5 days after the service thereof, and in no event later than the first return day named in said summons." It appears in this case that the file stamp on the original summons indicated that the summons was returned three days after the first return day, and this was the basis upon which the trial court set aside the default.

It would appear from the record in this case that the enforcement of the rule contemplated and the distinction was made between a summons properly served and properly returned and one properly served but improperly returned, for the reason that the defend-

ant corporation was directed to answer the complaint and join issue. It is apparent that the trial court considered the service binding. Therefore there is nothing in the order to indicate that this summons was invalidated.

It would appear from this record that the defendant does not question the sheriff's service of summons, but questions the proper return of the summons. The lower court's action in setting aside the default was based upon this point and following the court's attitude in *Nikola v. Campus Towers Apartment Bldg. Corp.,* 303 Ill. App. 516, it is herein submitted that the trial court had a right to vacate the default upon motion rather than requiring the defendant to file a complaint, pray this relief, and subsequently granting it.

One question that seems to be called to the attention of this court is whether the record indicates that the defendant had a good and meritorious defense. The defendant by its attorney filed appearance and answer to the complaint filed by the plaintiff. Unbeknown to the defendant corporation, a default had been entered against it prior to the filing of its appearance and answer. It appears further that this answer was on file and was considered by the trial court upon the date that the motion to vacate was heard. For this reason the defendant in its petition referred to its defense as having been previously filed herein. The plaintiff, in its abstract of record specifically shows the answer to the complaint filed and summarizes its contents.

The complaint as we have already indicated alleges that the plaintiff was employed by the defendant to perform legal services which services were performed, and that the reasonable value thereof was $4,000. The defendant, however, in its answer denies that the plaintiff performed any legal services to the defendant and denies that the value of the alleged services was $4,000. Plaintiff alleged that the defendant had paid $125 on the account and that there was a balance re-

maining due to him of $3,875. On the other hand, the defendant denied that it paid the plaintiff the sum of $125 on the account and denied that there was a balance due plaintiff of $3,875 or any other sum. It would appear from interpretation and the questions of fact that were created by the plaintiff's pleadings that the defendant by its answer pleaded to the whole of the complaint. It is therefore contended that the defense on file was clearly adequate and meritorious.

The plaintiff in directing what the action of the defendant should be or what his course may be, cites the section of the Practice Act which indicates that a motion in the nature of a writ of error *coram nobis* presented in writing at any time within five years after the rendition of the final judgment is proper. It is therefore noted that nowhere in this section, or by any interpretation of it, is it maintained or directed that such motion must necessarily contain a meritorious defense as well as a recitation of the basis for the motion. It is urged that the section merely states that the motion shall be in writing and presented within five years after the date of the rendition of the judgment in the case. It is suggested that if the defendant follows plaintiff's theory there can be no quarrel on the question of whether or not a meritorious defense was filed by the defendant. However, the defendant does not accept the plaintiff's suggestion but reiterates that its meritorious defense was filed, which is a part of the pleadings and was considered by the trial court at the time of hearing on the motion.

The plaintiff in this action complains that he should have had an opportunity to plead to or answer the petition at the time it was presented by the defendant.

There is nothing, as far as we can learn from this record, to show that he was denied this right to answer the petition, and there is nothing in the record to indicate that he opposed the petition as presented. There is no doubt that if the plaintiff had requested

the right to answer and had filed his plea, which by the rules of court he is entitled to do, the record would show such pleading; or, if he had been denied that right an order would so indicate that denial upon the face of the record. However, it does not appear that there was any motion made such as would indicate that his rights had been impaired by a refusal of the court to act.

And then again when we come to consider the defendant's notice and petition that it presented to vacate and set aside the judgment that was entered in this action, this notice plainly indicates that the plaintiff and counsel for the defendant were present in open court after a hearing was had and he took advantage of the notice that was served upon him by the defendant and appeared in open court. But we find that while being present in court there was an order entered that the judgment that was entered against the defendant corporation on the 3rd day of March be vacated and set aside. The plaintiff remained silent and did not object, or make a motion that would have saved his record. Therefore, the court had jurisdiction and could act upon the facts alleged in the petition. Such failure on the part of the plaintiff justified the court to enter the order, such as was entered, and set aside the judgment that was complained of.

Under the circumstances in the record that we have here before us the court was fully justified in vacating and setting aside the judgment on April 29, 1941.

We have reserved for consideration the motion which was offered and presented to this court by the defendant to dismiss the appeal on the ground that there was no final order or judgment that was entered and which was subject to appeal.

The conclusion which we reach in this case is that the order entered by the court on April 29, 1941, granting leave to the defendant to file its appearance and plea, is affirmed. Therefore it appears that on the fil-

ing of the defendant's answer a hearing on the merits of the controversy between the parties was required, and that upon this question the court would have to pass and enter a final order upon the merits. The defendant's motion to dismiss would not justify our dismissing this appeal upon the suggestions offered in support of the motion, and therefore leave to the defendant is denied to dismiss the appeal.

The order vacating the default judgment for the sum of $3,875 on March 3, 1941 upon the petition of the defendants that was filed and presented to the court on April 29, 1941, is affirmed.

*The order entered on April 29, 1941 is affirmed.*

KILEY, J., concurs.

MR. PRESIDING JUSTICE BURKE dissenting: The judgment was entered on March 3, 1941 and the order vacating it was entered on April 29, 1941. Paragraph 7 of section 50 of the Civil Practice Act (par. 7, sec. 174, ch. 110, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.050]) provides that "the court may in its discretion before final judgment, set aside any default, and may within thirty days after entry thereof set aside any judgment or decree upon good cause shown by affidavit upon such terms and conditions as shall be reasonable." Section 72 of the Civil Practice Act (sec. 196, ch. 110, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.072]) provides that "the writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which by the common law, could have been corrected by such writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case upon reasonable notice. . . ." In *Frank v. Salomon,* 376 Ill. 439, our Supreme Court held that as decrees in equity may be vacated by bills of review, the provision of section

72 of the Civil Practice Act for a motion to vacate a judgment at law is not applicable to chancery proceedings and cannot be relied on to vacate a foreclosure decree.

The judgment vacated in the instant case was a judgment at law. Defendant urges that the trial court had jurisdiction to vacate the judgment where an error of fact was committed, and cites *Chapman v. North American Life Ins. Co.*, 292 Ill. 179; *Nikola v. Campus Towers Apartment Bldg. Corp.*, 303 Ill. App. 516; *Marabia v. Mary Thompson Hospital*, 309 Ill. 147; *Lynn v. Multhauf*, 279 Ill. App. 210. Defendant cites the same cases in support of its assertion that the trial court had the right to grant relief upon motion in the cause rather than requiring the filing of a complaint praying the same relief. These cases are not applicable to the factual situation presented by the record before us. In the *Nikola* case the defendant moved to vacate the judgment on the ground that the summons was not served. The defendant supported its motion by several affidavits which clearly showed that the summons was not served. We pointed out that the approved procedure after term time to overcome a return showing service on the defendant, where no fraud is alleged, is to file a complaint in chancery. We cited cases which held that under the facts a court of chancery could give relief. We also pointed out that the plaintiff filed a motion to dismiss the petition but did not raise the point that relief should be sought by a complaint in chancery. We sustained the action of the trial court in vacating the judgment and stated that the circuit court had jurisdiction of the subject matter and of the parties at the time the motion was made, and that clearly the trial judge would have the right to grant relief if he were sitting as a chancellor and acting on the petition as a complaint in chancery. We held that in view of the fact that the motion to dismiss the petition did not raise the point that the relief

should be sought by a complaint in chancery rather than by a petition in the same case, the court having jurisdiction over the subject matter and the parties at the time the motion was being considered, the action of the court in giving relief to the defendant was proper.

In the instant case the defendant was served with a summons. The point raised by the defendant does not go to the jurisdiction of the court. It raises the question as to whether the court committed error in entering judgment where the summons was not served at least 20 days prior to the second return date. Therefore, the defendant was and is urging that the judgment of March 3, 1941 was erroneously entered. The law is well settled in this State that a motion in the nature of a writ of error *coram nobis* cannot prevail unless it is to correct an error of fact. Section 72 of the Civil Practice Act plainly states that ''all errors in fact committed in proceedings in any court of record, and which by the common law could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing . . . . '' In *Chapman v. North American Life Ins. Co.*, 292 Ill. 179, the Supreme Court said (185):

''The error of fact alleged must not be one appearing on the face of the record or one contradicting the finding of the court. All such errors are treated as errors of the court, and the court cannot set aside a judgment entered by it for errors committed by it, after the term of court has ended. Such errors must be reviewed on writ of error proper or by appeal to an appellate or reviewing court.

''It is important in considering this question to keep in mind this proposition: that the trial court cannot review itself or its own judgment and correct the same, either as to any question of fact found or decided by the court or as to any question of law decided by it after the term of court had ended. At any time before

the term has ended the court may review its judgment as to matters of fact or matters of law decided by it and correct its judgment, if erroneous.''

The date of service and the return dates mentioned in the summons were matters appearing on the face of the record, and if any error was committed in the rendition of the judgment of March 3, 1941, it was an error that the circuit court was without power to correct on April 29, 1941, but could have been corrected by a court of review on a proper appeal. The purpose of a motion in the nature of a writ of error *coram nobis* is to call the court's attention to some important fact of which the court did not have knowledge at the time the judgment was rendered so as to give the court an opportunity to consider such fact. Where the court had the opportunity to consider the fact, then the remedy of the complaining party is to appeal. A motion in the nature of a writ of error *coram nobis* cannot be permitted to serve the office of an appeal. At the time the judgment was rendered (March 3, 1941) the trial judge had an opportunity to examine the summons and the return thereon and will be presumed to have done so. Therefore, at the time judgment was entered the trial judge knew that the summons was served less than 20 days before the return day. If there was any error in entering the judgment, the defendant had the right to call such error to the attention of the court within 30 days. After 30 days the defendant could seek to overcome any error by appeal.

The judgment was not entered until March 3, 1941 and the defendant did not petition to vacate until April 29, 1941. Defendant knew on February 1, 1941 that it was being sued and that if it did not appear judgment would be entered. Yet, it waited until April 29, 1941 before filing a petition to vacate the judgment entered March 3, 1941. The petition does not make any showing of diligence. In my opinion the court was in error in vacating the judgment.

I agree that the motion to dismiss the appeal should be denied under the authority of *Central Bond & Mortgage Co. v. Roeser,* 323 Ill. 90. Our courts regard a ruling on a motion in the nature of a writ of error *coram nobis* as a final judgment in that proceeding and therefore appealable.